## CHAPMAN vs. LEE'S ADM'R.

[ASSUMPSIT BY VENDOR, AGAINST ADMINISTRATOR OF DECEASED PURCHASER, FOR UNPAID BALANCE OF PURCHASE-MONEY.]

1. *Agency; sufficiency of complaint, in declaring against principal, on contract of agent.*—In declaring against the principal, on a contract made by the agent in his own name, it is sufficient to allege that the defendant made the contract by his duly authorized agent, although the contract itself, as set out in the complaint, appears on its face to be the personal contract of the agent.

2. *Same; ratification.*—When a person adopts, deliberately, and with a full knowledge of all the circumstances of the case, an act which another has done for his benefit, such adoption, as a general rule, amounts to a ratification of the unauthorized act, and puts the ratifying principal in the place of the person who assumed to act as his agent; unless the contract itself is absolutely void, and not voidable merely.

3. *Merger of antecedent contract in deed; when both instruments will be construed together without merger.*—Where a written contract for the sale and purchase of lands is signed by the vendor, and by one who, without written authority, assumes to act as the agent of the purchaser; and afterwards, on the same day, the vendor executes a deed for the land to the purchaser; which deed expressly refers to the contract, declares that "it is made a part of" the deed, and that the intention of the parties in making the deed "is that it shall conform in all respects to said contract,"—the contract is not merged in the deed, but the two instruments are to be construed together, as parts of the same transaction.

4. *Stated account; relevancy of evidence to prove.*—In an action to recover the unpaid balance of the purchase-money for land, the written contract between the parties, and the vendor's subsequent deed to the purchaser for the lands, in which the terms of the contract are stated, are relevant evidence for the plaintiff, under a count on an account stated, to prove the amount of the purchase-money, and the terms on which it was to be paid.

APPEAL from the Circuit Court of Sumter.
Tried before the Hon. LUTHER R. SMITH.

THIS action was brought by Reuben Chapman, against
the administrator with the will annexed of Mrs. Susan
Lee, deceased; was commenced on the 9th September,
1865; and sought to recover an alleged unpaid balance of
the purchase-money for a certain tract of land sold and
conveyed by plaintiff to said decedent on the 23d Decem-
ber, 1858. The original complaint requires no notice, as
another (called the first amended complaint) was substituted
for it by leave of the court, which was in the following
words:

"The plaintiff claims of the defendant, as administrator
with the will annexed of the estate of Susan Lee, deceased,
the sum of three thousand dollars, for breach of an agree-
ment entered into by said defendant's testatrix, Mrs. Susan
Lee, by her agent, John R. Lee, on the 23d day of Decem-
ber, A. D. 1858, the said John R. being then and there her
agent duly authorized to execute said agreement for the
said Susan, in her behalf, in substance as follows: 'This
contract, made and entered into this 23d day of December,
A. D. 1858, between Reuben Chapman, of Madison county,
of the first part, and John R. Lee, of Sumter county, of
the second part, witnesseth: that the party of the first part
has this day bargained and sold to the party of the second
part all his lands lying and being in township number
eighteen (18), range number two (2), west, in the said county
of Sumter, supposed to be known according to United
States surveys, and to contain the quantity as follows, all
lying in said township, to-wit,' specifying the several sub-
divisions, and the quantity in each. 'All of the said lands
the said party of the second part buys, and agrees to pay
to the party of the first part therefor, at the rate of twenty
dollars per acre, all considered as cash on the first day of
January next, 1859. But the said party of the second part
proposes, and the party of the first part agrees to receive
one-half of the sum in a draft of this date, drawn by the
party of the second part, (as the agent of his mother, Su-

san Lee, for whose benefit this contract is made, and to whom the party of the first part is to make a warranty deed for all the lands hereby sold, with the full relinquishment of the dower of the wife of the party of the first part,) on the house of Gary, Maggard & Co., of Mobile, payable the 1st day of January next, at their business house in Mobile, accepted by them; and for the balance of the said sum, the said party of the second part agrees as before stated, draws and delivers to the party of the first part his drafts on said house, one for one-half of the balance, with one year's interest on the whole, falling due on 1st January, 1860; and the other for the balance, according to the estimated quantity of land as herein stated, with interest thereon for one year, to fall due on 1st January, 1861. It is understood by the parties to this contract, that either party may, at any time within two years, have the lands surveyed by a legal officer; and that the amount to be paid will be estimated accordingly, and the sum to be adjusted as on the 1st January, 1859. If the said party of the first part, with his wife's relinquishment of dower, as is requested by the party of the second part, executes his absolute deed for said lands here described, before the expiration of the two years, it shall contain a covenant, authorizing a survey of said lands, and correcting the numbers, description, and quantity; as it is understood that this contract is for the sale and purchase of all the lands said party of the first part holds in the said township lying on the east side of Sucarnatchie. It is understood that the legal fees for the survey shall be equally divided between the contracting parties. It is also understood that possession of the said land will be given on the 1st day of January next.' (Signed 'R. CHAPMAN, [seal],' 'JOHN R. LEE, agent for SUSAN LEE;' and attested by Geo. B. Saunders.) "And plaintiff avers, that, in pursuance of said agreement, the said plaintiff did, on the 23d day of December, 1858, execute a deed, jointly with his wife, Mrs. F. Chapman, conveying all of said lands in fee simple, and delivered the same to the said Mrs. Susan Lee, who thereupon took possession of the said lands; and that, in pursuance of said agreement, said lands were

surveyed, at the request of the plaintiff, within two years from the date of said agreement, by one William E. Chiles, the county surveyor of Sumter county, Alabama; of which survey the said Susan Lee had legal notice, and at said survey the said John R. Lee was present, and acting as agent for the said Susan Lee; and by said survey it was ascertained that there was fifty-three and 57-100 acres more than was paid for by the said Susan Lee. And plaintiff avers, that he has complied with all the provisions of said agreement on his part; and that the said Susan Lee in her life-time, and the said defendant, as administrator as aforesaid, since her death, has failed and refused, although often requested, to comply with the following provision of said agreement, viz., the payment of the sum of twenty dollars per acre for said fifty-three and 57-100 acres, with interest thereon from the first day of January, 1859.

"The plaintiff claims of the defendant also, as administrator with the will annexed of Susan Lee, deceased, the sum of three thousand dollars, due from him, as administrator as aforesaid, by account stated between the plaintiff and the defendant's testatrix, on the 23d day of December, 1858, with interest thereon from the 1st January, 1859.

"The plaintiff also claims of the defendant, as administrator as aforesaid, the sum of three thousand dollars, due him by account stated, for lands sold by the plaintiff to the defendant's testatrix, on the 23d day of December, 1858; and for money paid by plaintiff, for defendant's testatrix, at her request, which sum of money, with interest thereon, is now due."

The defendant demurred to the special count, and pleaded to the second and third counts, "in short by consent, the general issue, the statute of non-claim, and the statute of limitations of six years." At the March term, 1869, the court sustained the demurrer to the special count, but gave leave to the plaintiff to file an additional amended complaint by the next term; and at the next term, in pursuance of the leave so granted, the plaintiff filed the following amended complaint:

"The plaintiff claims of the defendant three thousand

dollars as damages for breach of a contract entered into in writing by and between the plaintiff and the defendant's testatrix, the said Susan Lee, in her life-time, to-wit, on the 23d day of December, A. D. 1858, which was duly executed by the said plaintiff and the said Susan Lee, in her life-time, by and in the name of John R. Lee, who was then and there her duly appointed agent, with full and complete authority from her to execute the same for her; by which said contract the said plaintiff bargained and sold to the said Susan Lee the following described lands, situated in the said county of Sumter, and State of Alabama, to-wit: All of his lands lying and being in township 18, range 2, west." [Here follows a description of the lands.] "In consideration of which the said Susan Lee, by her said agent, John R. Lee, and his name, in substance then agreed to pay the said plaintiff for said land at the rate of twenty dollars per acre, as follows: one-half of the said purchase-money on the 1st day of January, A. D. 1859; one-fourth of said purchase-money on the 1st day of January, A. D. 1860, with the interest due on the half of the purchase-money remaining unpaid from the 1st day of January, A. D. 1859; and the balance of said purchase-money on the 1st day of January, A. D. 1861, with interest thereon from the 1st day of January, A. D. 1860; and the said plaintiff and the said Susan Lee, by and in the name of her said agent, the said John R. Lee, further, in substance, agreed by and in said contract, that either of said parties to said contract, to-wit, the said plaintiff and the said Susan Lee, within two years from the date of the execution of said contract, might have the said lands surveyed by a legal officer authorized to survey lands, and if the said lands contained by such survey an excess of acres over and beyond the estimated number, as set forth in said contract, the said Susan Lee was to pay the plaintiff for such excess at the rate of twenty dollars per acre, with interest thereon from the 1st day of January, A. D. 1859; and if by said survey there was a deficit in said land, or a less number of acres than set forth in the estimate in said contract as aforesaid, the said plaintiff was to refund to the said Susan Lee the

amount of the value of such deficit at the rate of twenty dollars per acre therefor, with interest thereon from the 1st day of January, A. D. 1859. And it was in said contract further agreed by and between the said plaintiff and the said Susan Lee, by and in the name of her said agent, the said John R. Lee, in substance as follows: that if the said plaintiff should, within two years from the date of said contract, as requested by the said Susan Lee, execute his absolute deed conveying said land, with his wife's relinquishment of dower in said land, to the said Susan, that the said deed should contain a covenant authorizing a survey of said lands and correcting of the numbers, description and quantity of said lands, as set forth in first part of said contract. And it was further, in substance, agreed by said parties, to-wit, the said plaintiff and the said Susan Lee, by and in the name of her said agent, the said John R. Lee, that the legal fees for the survey of said lands provided for as aforesaid should be paid equally by the said plaintiff and the said Susan Lee; and that the possession of the lands described in said contract should be given and surrendered by the said plaintiff to the said Susan Lee on the first day of January next after the date of the execution of the contract aforesaid, to-wit, on the 1st day of January, A. D. 1859. And the said plaintiff avers, that in pursuance of said contract, and at the request of the said Susan Lee, he did execute, on the 23d day of December, A. D. 1858, a deed to said Susan Lee, jointly with his wife, F. Chapman, conveying said lands in fee simple to the said Susan Lee, and that said deed contained the covenant provided for in said contract as hereinbefore set forth, and that he, the said plaintiff, surrendered and delivered the possession of said lands to the said Susan Lee on the 1st day of January, A. D. 1859.

"And the said plaintiff further avers, that within two years from the date of said contract, to-wit, on the 3d day of October, 1860, he procured one William E. Chiles, of the county of Sumter, who was then and there the legally appointed county surveyor of said county, and who was such legal officer as provided for and mentioned in said

contract, to survey said lands, by and with the knowledge and consent of the said Susan Lee, and that the said Wm. E. Chiles, as county surveyor as aforesaid, then and there surveyed said lands, and ascertained that said lands contained 1,076 acres, and that there were fifty-three 57-100 acres more than the estimate set forth in said contract as aforesaid, and fifty-three 57-100 acres more than was paid for to the plaintiff by said Susan Lee ; at which survey the said Susan, by her duly authorized agent, the said John R. Lee, was present and assenting to ; and that the said Susan Lee then and there became indebted to the plaintiff in the sum of $1,071.40, (the value and price of the excess aforesaid,) and interest thereon from the first day of January, A. D. 1859, and then and there promised by and through her said agent, the said John R. Lee, who was then and there duly authorized by her to bind her in the premises, to pay to the plaintiff the said sum of $1,071.40, and interest thereon from the 1st day of January, A. D. 1859.    And the plaintiff further avers, that he paid to the said William E. Chiles, as his legal fees for making the survey aforesaid, to-wit, on the 3d day of October, A. D. 1860, the sum of $20.00, the one-half of which, to-wit, $10.00, the said Susan Lee was liable to pay by the terms of the contract aforesaid, and that she, the said Susan, then and there was indebted to and became liable to pay the said plaintiff the said sum of $10.00 on, to-wit, the said 3d day of October, A. D. 1860.

"And the said plaintiff avers, that afterwards, to-wit, on the 26th day of December, A. D. 1862, the said Susan Lee departed this life in said county, leaving her last will and testament, which was duly admitted to probate in the probate court of said county of Sumter on, to-wit, the 26th day of January, A. D. 1863; and that afterwards, to-wit, on the 26th day of January, A. D. 1863, the said James M. Lee qualified in said court as the administrator with the will annexed of the said Susan Lee, deceased, and then and there became, and from that time hitherto has been, and now is, the administrator with the will annexed of said Susan Lee, deceased.    Yet the said Susan Lee in her life-

time, and the said defendant, as the administrator with will annexed of said Susan Lee, deceased, since her death, have not paid the said plaintiff the said sums of money, or any part thereof, but wholly failed and refused to pay the same; which said sums, with the interest thereon, are now due."

The defendant demurred to the second amended complaint, and assigned the following causes of demurrer: "1st, that said complaint does not set forth or allege any breach of any contract made by the said Susan Lee, deceased; 2d, that said complaint does not show any cause of action against said defendant as the administrator of said Susan Lee, deceased; 3d, that said complaint shows that the contract, of which said plaintiff alleges a breach, has been executed and annulled, so that no action can be maintained upon it; 4th, that said complaint shows that the contract sued upon in this case, and of which the complaint alleges a breach, has been merged and discharged, in and by a subsequent contract specified in said complaint."

The court sustained the demurrer to the second amended complaint, to which the plaintiff excepted, but declined to make any further amendments; and issue was thereupon joined on the pleas filed to the second and third counts of the first amended complaint.

"On the trial," as the bill of exceptions states, "the plaintiff offered in evidence to the jury, in support of said common counts, and of his right to recover thereon, a contract in words and figures following, to-wit," (the contract set out at length in the first amended complaint,) " in connection with evidence tending to show that the said John R. Lee had authority from the said Susan Lee to make said contract, though not in writing by her.  The defendant objected to the introduction of said contract and evidence, on the ground that the said Susan Lee had never given the said John R. any power or authority in writing to sign said contract; and on the ground that said evidence was irrelevant and inadmissible under the issues.  The court sustained said objection, and excluded said contract

and evidence from the jury; to which ruling of the court the plaintiff excepted.

"The plaintiff then offered the said contract as evidence to the jury, in connection with evidence tending to show that the said Susan Lee, after its execution, with full knowledge of everything done by the said John R. in and about said contract, ratified the same in every particular; to which evidence the defendant objected, on the ground that there was no evidence that the said Susan Lee ever ratified the said acts of the said John R. by any writing signed by her; and on the ground that said evidence was irrelevant, and inadmissible under the issues. The court sustained the objection, and excluded the said contract and evidence from the jury; to which ruling of the court the plaintiff excepted.

"As further evidence to show that said John R. was authorized to execute said contract for and on behalf of said Susan Lee, the plaintiff offered the following evidence to the jury: 1st, a deed executed by himself and wife to the said Susan Lee, which was duly acknowledged, proved, and in the words and figures following." This deed is dated the 23d day of December, 1858; recites as its consideration the payment by Mrs. Susan Lee of the sum of $24,448; conveys, with full covenants of warranty, the lands described in the contract above referred to; and contains a stipulation in these words: "It being understood between the parties, viz., the said Reuben Chapman, and the said Susan Lee, by her agent, the said John R. Lee, that the contract this day entered into by them for the purchase and sale of said lands, and witnessed by George B. Saunders, is made a part of this deed, and the intention in making this deed is that it shall conform in all respects to said contract." The defendant objected to the admission of said deed as evidence, "on the ground that there was no evidence that the said Susan Lee had ever ratified the said acts of the said John R. by any writing signed by her; and on the ground that said evidence was irrelevant, and inadmissible under the issues. The court sustained

the objection, and excluded the evidence; to which the plaintiff excepted.

" 2. Evidence tending to show that the said Susan Lee, after the execution of said contract, paid to said plaintiff the drafts mentioned in said contract, and received from him, to-wit, on the 1st day of January, 1859, possession of said lands, and continued to claim and possess said lands from that date until her death, as her own property, and devised the same by her last will and testament. To this evidence the defendant objected, on the ground that there was no evidence that the said Susan ever ratified the acts of the said John R. Lee by any writing signed by her; and on the ground that said evidence was irrelevant, and inadmissible under the issues. The court sustained the objection, and excluded said evidence from the jury; to which ruling the plaintiff excepted.

The plaintiff offered evidence tending to show that the lands, for the recovery of the value of which this action was instituted, were a portion of the lands mentioned and described in the said contract and deed; to which evidence the defendant objected, on the ground that the said John R. Lee had no authority in writing from the said Susan Lee to purchase said lands for her, and that she was not bound by such contract or purchase; and on the ground that said evidence was irrelevant, and inadmissible under the issues. The court sustained the objection, and excluded said evidence from the jury; to which ruling the plaintiff excepted.

" This was all the evidence the plaintiff offered, or proposed to offer; and in consequence of the said rulings of the court, both in sustaining the demurrer, and in excluding said evidence from the jury, the plaintiff was compelled to suffer a non-suit"; which he now moves to set aside, assigning as error the several rulings of the court below, to which, as above stated, he reserved exceptions.

WATTS & TROY, for appellant.—1. The statute of frauds had nothing to do with the case, under the facts alleged in the special count.—*Butler v. Lee*, 11 Ala. 888; *Bowen v.*

*Bell*, 20 Johns. 340; *Gordon v. Phillips*, 13 Ala. 566; *Boykin v. McLaughlin*, 35 Ala. 566; *Rhodes v. Starr*, 7 Ala. 348; *Worthington v. Porter*, 7 Ala. 814; *Battle v. Gillespie*, 15 Ala. 276.

2. No written authority to the agent, and no written ratification of his act, was necessary to the maintenance of the action.    The contract was fully executed by the delivery and acceptance of the deed, possession taken and held under it, and payment of the purchase-money.    Under such circumstances, it would be shocking to justice to allow the purchaser, while holding the land under the contract, to refuse compliance with one of its express stipulations. Authorities above cited; also, *Pomeroy v. Winship*, 12 Mass. 514.

3. The contract is expressly referred to in the deed, and made part of it.    Consequently, the stipulation in the former, as to the survey, and the adjustment of the balance of the purchase-money, can not be considered merged in the acceptance of the deed.

4. The rulings of the court on the evidence in detail precluded the plaintiff from all possibility of recovery, and compelled him to take a non-suit.

REAVIS & COOKE, *contra*.    (No brief on file.)

PETERS, J.—This is an action of assumpsit for a balance of the purchase-money for lands alleged to have been sold by the appellant, Chapman, to Mrs. Susan Lee, in her life-time, but who has since died, and is represented in this suit by the appellee, James M. Lee, as her administrator with the will annexed.    There was a judgment of non-suit in the court below against the plaintiff in that court, said Chapman, who brings the case by appeal to this court, and here moves to set the judgment of non-suit aside, and for a new trial.    The cause went off on the trial in the court below upon the demurrers to the plaintiff's complaints, and upon the ruling of that court in rejecting certain evidence offered in support of the general counts upon which issues were joined, as shown in the bill of exceptions.    The ac-

tion of the circuit court in sustaining said demurrers, and in rejecting the evidence abovesaid, are now assigned in this court for error.—Revised Code, § 2759.

There were three complaints filed by the plaintiff in the court below.   The first, which is called, in the record, the original complaint, need not be noticed, as it seems to have been abandoned in the progress of the cause.   Besides this original complaint, there was also filed a first amended complaint, which contained three counts — one count upon a special contract, which is copied into the count, and two other counts on stated accounts, in the usual statutory form, as prescribed by the Code.   This amended complaint was demurred to, and the demurrer sustained Then, upon leave of the court, a second amended complaint was filed, which contained one count upon a special contract, alleged to have been made by said Mrs. Susan Lee, in her life-time, with the plaintiff, Chapman, for the sale and purchase of certain lands named and described in the contract, at the price and upon the terms therein stated ; and it was averred that Mrs. Lee had failed and refused to pay to the plaintiff a certain balance of said purchase-money, as required in said contract, with such other averments as showed that the defendant, as the representative of Mrs. Lee, was liable to pay such balance.   This second amended complaint was also demurred to by the defendant, and the demurrer was allowed.   The parties then went to trial by a jury upon issues joined upon the counts upon stated accounts.

There can be no question that, had the contracts alleged in the special counts of the first and second amended complaints been made by Mrs. Lee herself, they would have imposed upon her a liability to pay for the whole quantity of lands named in the contracts at the price and upon the terms therein set forth.   These contracts are alleged to have been ma!e in writing, are intelligent, and in sufficient form of words to give them validity.—Rev. Code, § 1862 ; 4 Kent, 460.   This is all the law requires.   And in the counts objected to they are alleged to have been made by Mrs. Lee in her lifetime, by her duly authorized agent,

John R. Lee.   There is nothing in the contracts set out in the complaints which contradicts these allegations. Whether these allegations were true or not, was a matter of proof, and could not be raised on the demurrers.   These counts are sufficient, and the court erred in sustaining the demurrers, as shown in the record.—Rev. Code, § 2629.

It seems that the learned judge in the circuit court, in considering the demurrers to the complaints, suffered himself to be carried beyond the allegations of the counts under discussion, to the fact of ratification, which arose upon the contract made and entered into between Chapman and John R. Lee, as the alleged agent of Mrs. Lee, in her life-time, on December 23, 1858, for the sale of the lands mentioned therein.   This fact of ratification could only be tried and determined by the jury, unless it was submitted to the court on a demurrer to the evidence. Rev. Code, §§ 2750, 2751.   But there was no demurrer to this effect.

As a general rule, when a party adopts what another has done for his benefit, this is evidence of ratification, if the adopting party may have legally acted in the matter without an agent.—*Kenan v. Holloway*, 16 Ala. 53, 60; Story Ag. § 239, *et seq.*, and cases cited.   This ratification, when made deliberately and upon a full knowledge of all the circumstances of the case, refers to the original act of the agent, or the party assuming to act as agent, and puts the ratifying principal in his place.   It makes the act of the agent, or assumed agent, the act of the principal himself. Story Ag. §§ 243, 244.   It is, nevertheless, true that a *void* contract can not be made good by ratification, but a contract merely *voidable* may be; and when so ratified it becomes in every sense the contract of the party so making the ratification.—Story Ag. §§ 240, 241.

The objection to the evidence rejected is, that it is irrelevant.   Is this so?   An account stated is a confession that there is a fixed and definite sum due from the defendant to the plaintiff at the date of the alleged accounting.   If the facts show that this is the necessary result of the settlement between the parties, any of such facts are competent

on the trial of such an issue.—2 Stark. Ev. 97, (marg.), *et seq.;* 1 Chit. Pl. 358, (marg.); *Freeland v. Heron, Lenox & Co.,* 7 Cranch, 147, 151; *Ware & Cowles v. Dudley,* 16 Ala. 742. The deed of Chapman to Mrs. Lee was evidence tending to show that she had purchased the lands therein intended to be conveyed, and the amount of the price agreed to be paid for the same. This deed bears the same date of the contract entered into between Chapman and John R. Lee as the agent of Mrs. Lee, and it is by direct reference and agreement made a part of said deed as a contract entered into between Chapman and Mrs. Lee The recital in the deed is in these words, to-wit: "It being understood between the parties, the said Reuben Chapman and the said Susan Lee, by her agent, the said John R Lee, that the contract this day entered into by them for the purchase and sale of said lands, and witnessed by George B. Saunders, is made a part of this deed; and the intention in making this deed is, that it shall conform in all respects to this contract." This is not a merger of the first contract in the deed, but the deed and the contract were thus made by Mrs. Lee herself parts of the same transaction.—7 Cr. 540; Shep. Dig. 500, § 3. And as such, they were both evidence of the sale and the terms of the sale. And in a suit for the purchase-money of the land, or the balance of the purchase-money for the land, by the vendor against the vendee, they were not irrelevant evidence to prove the amount of the purchase-money and the terms upon which it was to be paid. This was the purpose of the suit, whether upon the special or the general counts. Such evidence was competent so far as it went, and the plaintiff could not proceed after its rejection. The rejection of this testimony rendered it necessary for the plaintiff to suffer a non-suit. This was done, and the decision of the court below was reserved by bill of exceptions for review in this court.—Rev. Code, § 2759; *Vincent v. Rogers,* 30-Ala. 471. The ruling of the court below was erroneous.

The judgment of the circuit court is reversed, and the cause is remanded for a new trial.