# Steinhardt *v.* Bell.

## *Trover.*

1. *Landlord has lien on entire crop grown on rented lands, whether grown by tenant himself or sub-tenant.*—The landlord has a lien on the entire crop grown on the rented lands, for the rent of the current year, whether it be grown by the tenant himself, or by a sub-tenant; and when a bale of cotton is placed by the sub-tenant at the gin-house, and set apart for the landlord in satisfaction of his claim for rent, the title of the landlord is thereby perfected, and he may maintain trover against any one who afterwards converts the cotton.

2. *Ratification not binding unless made with full knowledge of all material facts.*—A subsequent ratification of the unauthorized conversion, by the landlord, if made with full knowledge of all the material facts, is a complete defense to the action; but the burden of proof as to such ratification is on the defendant, and any evidence tending to prove or disprove the landlord's knowledge of any material facts is relevant and competent.

3. *Contradictory statements by witness; when admissible.*—Previous contradictory statements or declarations by a witness, whether under oath or not, are not admissible for the purpose of impeaching him, unless they relate to some matter material to the issue on trial.

4. *Testimony to rebut inference attempted to be drawn in argument; when admissible.*—As a general rule, testimony should not be received merely to rebut an inference attempted to be drawn in argument, unless it be of some pertinent fact overlooked or omitted in submitting the evidence; but, in admitting evidence for this purpose, the court necessarily has a discretionary power in promotion of justice.

5. *Appeal from judgment of justice of the peace; how proved.*—The fact that an appeal was taken from a judgment rendered by a justice of the peace can not be proved by an entry of the word *appeal* on his docket.

APPEAL from the Circuit Court of Dallas.

Tried before Hon. JOHN MOORE.

This was an action of trover, brought by Mrs. Mary Bell, against Adolph and Simon Steinhardt, to recover damages for the conversion of two bales of cotton; and was commenced on March 8th, 1883. Issue was joined on the plea of not guilty; the trial resulting in a verdict and judgment for the plaintiff.

The facts in the case, up to the development of the issue of ratification, the material question raised on the trial in the primary court, are stated in the opinion. The plaintiff, as a witness in her own behalf, testified, in substance, that the attachment proceedings instituted in her name by the Steinhardts against S. B. & John Olds, and which were tried before the justice of the peace, Conoley, were not authorized by her; and

[Steinhardt v. Bell.]

that she had so testified as a witness on that trial. That neither of the Olds was indebted to her at the time when the attachment suit was tried; that she did not make the affidavit upon which the writ of attachment issued and had not procured the bond to be given therein, and that no counsel had been employed by her to represent her in the trial in the justice court. "I had never been in court before the time I was before Judge Conoley, I was sick and troubled and I remember that I knew nothing about it, and I told them that I had never thought of Steinhardt using attachment. If I said at that time that I ratified it, I did not know what that meant." The plaintiff introduced as a witness John Babcock, who testified, in substance, that he ginned four bales of cotton for Stanton Olds in November, 1880; that when Olds delivered the cotton to the witness "he said two bales was for Mrs. Bell's rent." To this declaration of Olds, accompanying the delivery of the cotton, defendants objected; the court overruled the objection, and defendants duly excepted.

Simon Steinhardt, one of the defendants, testified in substance, that he procured the issuance of the attachment against S. B. & John Olds; that a few days prior thereto he had a conversation with Mrs. Bell, who complained to him that the Olds had not paid their rent, being about $100.00 in arrear, and asked the assistance of witness in collecting the balance; that the witness suggested that the cotton be attached for the unpaid rent, and agreed to assist her in the matter. The witness further testified that the necessary papers were prepared at his instance by Joseph F. Johnston, a practicing attorney of the Selma Bar, and that he heard the plaintiff, Mrs. Bell, a short while before the attachment suit was tried, request the said Johnston to "act for her" on the trial. As further shown by the bill of exceptions, witness was handed an account headed: "Mrs. Mary Bell, bought of Steinhardt & Bro.," and questioned in reference to it, the court overruling defendants' objection to its introduction. This account, and the purpose of its introduction, are sufficiently noticed in the opinion.

Jos. F. Johnston, a practicing attorney, testified as to his connection with the attachment suit before the justice of the peace, Conoley; his testimony tending to corroborate that of the preceding witness, Steinhardt. He also testified as to the entries upon the docket made by said Conoley (who had since died) showing the rendition of judgment in favor of Mrs. Bell. The only evidence on said docket that an appeal had been taken from this judgment consisted of the word "appeal," which, like the other entries, was in the handwriting of said Conoley. As shown by the bill of exceptions, after the arguments for the defense had been concluded, "the court allowed

14

[Steinhardt v. Bell.]

S. W. John, Esq., attorney for plaintiffs, to be sworn and to testify against the objection of the defendants, that the reason he did not have Geo. H. Craig present at the trial as a witness, was because said Craig was absent from town, and told him, witness, that he, Craig, had to go off to Washington and could not remain at the trial when witness had asked him to do so." The court overruled the objection, and defendants duly excepted.

The court, at the written request of the plaintiff, charged the jury as follows: "If the agent of the defendants received the two bales of cotton from plaintiff, under an agreement or promise that the defendants would apply the proceeds of the cotton to the payment of defendants' account against the plaintiff, and this agreement or promise was made for the purpose of deceiving plaintiff, or as a means to get possession of the cotton; or if defendants repudiated said agreement as soon as they were informed of it, then the plaintiff is entitled to recover, unless, after being informed of the conversion, she approved of it and consented that the proceeds of said cotton might be applied to other uses than the one first agreed to." The defendants reserved an exception to the giving of this charge, and excepted to the refusal to give the following requested by them : "If a person make a declaration, using words that have a common and general understanding, and others act on these declarations, such person can not afterwards testify or set up that he or she meant or intended to convey a different meaning." The defendant further requested the court to charge, in substance, that if they believed from the evidence that an appeal was taken from the judgment rendered in the justice court, it devolved on the plaintiff to show that such appeal was prosecuted to effect; and, until this was shown, the judgment stood as rendered and was binding on the plaintiff as to the issues involved in said case. This charge the court refused to give and the defendants duly excepted.

The assignments of error embrace the exceptions noted above, with numerous others not necessary to be stated.

W. R. Nelson, for appellants.

S. W. John, contra.

STONE, C. J.—The testimony all agrees in proof of the following state of facts : That Mrs. Mary Bell let her plantation to Stanton Olds, by rent contract, for the year 1880, at the agreed price of three hundred dollars; that Olds sub-let a part of the land to Moore, and that both Olds and Moore cultivated and produced a cotton crop on the lands during that year ; that

[Steinhardt v. Bell.]

before November of the year Olds paid to Mrs. Bell about two hundred dollars of the rent money, leaving about one hundred dollars unpaid; that in the month of November, Olds delivered at a gin, cotton enough, of the crop which had been so grown by Moore on Mrs. Bell's land, to make two bales, and directed that it be turned over to Mrs. Bell in payment of her rent claim; that the cotton was ginned and packed, and set apart as Mrs. Bell's property, and that subsequently the Steinhardts, through their agent, got possession of the two bales of cotton, and applied the proceeds in payment of a debt due from Moore, the sub-tenant, to them. There is no proof tending to show that Mrs. Bell had authorized the Steinhardts to take the cotton and apply the proceeds to Moore's debt. On this state of facts, if there were nothing more, it is very clear that Mrs. Bell made a clear case for recovery, if the uncontradicted testimony was believed. She had a lien on the entire crop grown on the land for the rent, and when the two bales were placed, by the tenant, at the gin-house to be subject to her control, this perfected her title, and enabled her to maintain trover against any one who afterwards converted it. *Robinson v. Lehman, Durr & Co.*, 72 Ala. 401; *Lake v. Gaines*, 75 Ala. 143.

The testimony shows that after the two bales were set apart for Mrs. Bell, at the gin-house, the Steinhardts sought to induce her to surrender them to them as the property of Moore, on which they claimed a lien. This she refused to agree to; but proposed they should take the cotton as her cotton, and allow her a personal credit for it. This they refused to do. After the Steinhardts had taken possession of the cotton, they, through their agent, requested Mrs. Bell to permit them, in her name, to attach other cotton grown on the place that year, and thus collect the remaining hundred dollars of rent. This she refused to do. Notwithstanding this refusal, the Steinhardts did sue out attachment, in her name, against Olds, and had other cotton levied on. A trial of the suit was had, and Mrs. Bell, being summoned as a witness, gave testimony on the trial. Up to this point there is no discrepancy in the testimony.

There is in this case but one main, controverted question of fact between the parties litigant. Did Mrs. Bell acquiesce in and ratify the conversion of the two bales of cotton by the Steinhardts, and agree to look to some other source, or sources, for the payment of her rent? If she did, then this is an answer to the *prima facie* case, which we have shown the testimony, if believed, makes in her favor. On this issue of ratification, *vel non*, the burden of proof was on the Steinhardts. And to make the ratification valid and binding, "the person ratifying must have had knowledge of all essential facts." Wharton on Agency, § 65. Ratification must be "deliberately

[Steinhardt v. Bell.]

made, with a full knowledge of the material facts, to be binding on the principal."—1 Brick. Dig. 59, § 98; *Chapman v. Lee*, 47 Ala. 143; *Moore v. Robinson*, 62 Ala. 537; *Herring v. Skaggs*, 73 Ala. 446. It follows that all testimony tending to prove or disprove Mrs. Bell's knowledge of the facts attending the issue and purpose of the attachment, and tending to prove or disprove her ratification of the use of her name by the Steinhardts in suing out the attachment, was competent evidence.

Olds' declaration when he delivered the cotton at the gin, that it was for Mrs. Bell in payment of rent, was *res gestæ* to the act of delivery, and was admissible.

What took place in the trial of the case of *Steinhardts v. Mary Bell*, in the City Court, was certainly not evidence tending to prove any part of Mrs. Bell's claim in this case; and being immaterial, should not have been admitted against the objection of defendants. This applies alike to proof of the oral testimony, and to the account produced in evidence. Neither was it competent, as a means of impeaching the witness Steinhardt, because the testimony given on that trial did not relate to any transaction material to any issue in this suit. Previous contradictory statements, sworn or unsworn, can not be given in evidence as a means of discrediting a witness unless they relate to some matter material to the issue on trial. 2 Brick. Dig. 549, §§ 125, 126; 1 Greenl. Ev. § 462; 1 Whar. Ev. § 551. In admitting this evidence the Circuit Court erred.

Questions raised on the admission of evidence pending the argument will not probably be presented on another trial. What Craig told the witness, was not competent. As a rule, testimony should not be received merely to rebut an inference attempted to be drawn in argument, unless it be of some pertinent fact, overlooked or omitted in submitting the testimony. Discretionary powers may, and frequently should be exercised in promotion of justice.

The charge given by the court, at the request of plaintiff, is free from error. The first charge asked by defendant is obscure, and was rightly refused, because average jurors would not be likely to understand it. It is also abstract, because the record contains no evidence that the Steinhardts took any action, based on anything Mrs. Bell may have stated.

The record fails to show, as fact, that any appeal was taken from Conoley's judgment. The word "appeal," written on the docket in Conoley's hand-writing, is not enough to prove an appeal was taken. The disposition made of the justice's judgment is not shown in the transcript before us. It ought to be shown.

Reversed and remanded.