# Morningstar *v.* Stratton.

## *Action of Detinue.*

1. *Bill of exceptions; order extending time of signing must be in writing.*—The extension of time beyond the term at which a case is tried, for the signing of a bill of exceptions—whether by agreement of the parties under section 616 of the Code, or by the court in term time, under section 617; or when signed in vacation by agreement of parties under section 618; or by the judge in vacation for further extension under section 619,—must be evidenced by writing, and never allowed to rest in parol.

2. *Same; when order for extending time for signing begins.*—When the court under section 617 of the Code in term time fixes a time within which a bill of exceptions may be signed—nothing appearing in the order to the contrary—the time fixed begins to run from the adjournment of the term; and when further extension is made under the provisions of section 619, and nothing appears in the agreement of the parties or

121　437
f124　331
121　437
128　411
121　437
142　399

[Morningstar v. Stratton.]

the order of the judge therefor to the contrary, the extended time begins to run from the expiration of the time fixed by the previous agrement or order for the extension of time.

3. *Orders and agreements to extend time for signing bill of exceptions must never be antedated.*—All orders by the judge, and agreements of parties or their counsel for extension of time for signing bill of exceptions under either section of the Code, should bear their true date, and never be antedated.

4. *Detinue; what one who has no interest in the property cannot set up.*—In a suit in detinue for a bicycle evidence that some one besides the plaintiff owned the tires on the wheels, does not prevent recovery from a defendant who owned no interest in it.

5. *Same; and unauthorized mortgage by a third party cannot prevent recovery in detinue.*—An unauthorized mortgage by a third party cannot prevent recovery in detinue by the owner of the property, from a defendant holding the mortgage; nor would a promise by the plaintiff to pay this mortgage, in order to get possession of his property, bind him, no consideration for the promise appearing.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

On the 30th day of April, 1898, the city court of Mobile in term time made a minute entry extending to the appellant thirty days in which to present his bill of exceptions. A motion for a new trial in this cause was then pending which was continued to an adjourned term of the court. At the adjourned term this motion was overruled and the appellant was given twenty-eight days to present his bill of exceptions on the action of the court denying the motion. The special term finally adjourned on the 14th day of May. On the 27th day of May the judge of the court made an order in vacation extending the time theretofore granted in both matters twenty days. On the 15th day of June, the judge on application promised to still extend the time, but made no written order until the 29th when the order was made extending the time sixty days and was dated the 15th. On the 9th day of August, the judge in vacation made an order extending the time to October 1st, 1898. The bill of exceptions was signed on the 15th of September, 1898.

[Morningstar v. Stratton ]

CHAS. L. BROMBERG, JR., for appellant.—The proof shows that W. B. Patterson was a joint owner in the property sued for and was not a party plaintiff to this suit. The defendant was therefore entitled to the general charge.—*Parsons v. Boyd*, 20 Ala. 117; *Seals v. Edmonson*, 73 Ala. 295; *Graham v. Myers & Co.*, 74 Ala. 434; *Miller v. Eastman*, 11 Ala. 114. (2). The appellee ratified the act of Parquette in making the mortgage to appellant. This entitled appellant to the general charge.—*Whitfield v. Riddell*, 78 Ala. 105; *Singer M'f'g Co. v. Belgart*, 84 Ala. 521; *Jones v. Atkinson*, 68 Ala. 167.

McINTOSH & RITCH, *contra*.—The motion to strike the bill of exceptions should prevail.—*Bass Furnace Co. v. Glascock*, 18 Ala. 244; *Morris v. Brannen & Sons*, 103 Ala. 603; *L. & N. R. R. Co. v. Malone*, 116 Ala. 600. (2). Judgments and orders out of term time should be in writing.—*Bynum v. Powe*, 97 N. C. 374. (3). There may be a recovery of a part of a chattel sued for. This is not a case of tenancy in common.—*Glass v. Rinckhard*, 56 Ala. 592; *Smith & Co. v. Rice*, Ib. 424. (4). The mortgage was without consideration and void.—*Watson v. Reynolds*. (5). The decision of the trial court denying a new trial was without error.—*Tenn. Coal, Iron & R. R. Co. v. Stevens*, 115 Ala. 462.

HARALSON, J.—Action in detinue by R. D. Stratton, the appellee, against Henry Morningstar, the appellant; commenced before a justice of the peace for the recovery of a bicycle with damages for its detention. Judgment having been rendered against the defendant, the cause was appealed by him to the city court of Mobile, where it was tried *de novo*, with similar result, and from the judgment of that court defendant appeals to this court.

The extension of time beyond the term at which a case is tried, for the signing of a bill of exceptions—whether by agreement of the parties under section 616 of Code; or, by the court in term time, under section 617; or, when signed in vacation by agreement of parties under section 618; or by the judge in vacation for further extension

[Morningstar v. Stratton.]

under section 619,—must be evidenced by writing, and never allowed to rest in parol.

When the court under section 617, in term time fixes a time within which a bill of exceptions may be signed—nothing appearing in the order to the contrary—the time fixed begins to run from the adjournment of the term.

When further extension is made under the provisions of section 619, and nothing appears in the agreement of the parties or the order of the judge therefor, to the contrary, the extended time begins to run from the expiration of the time fixed by the previous agreement or order for extension of time.

All orders by the judge, and agreements of parties or their counsel for extension of time under the provisions of either of said sections of the Code, should bear their true date, and never be antedated.

By calculation of time under the above rules, the bill of exceptions signed in this case, was signed in time, and the motion to strike it is denied.

2. It is undisputed that the plaintiff was the owner of the bicycle; that he left Mobile about a year before the trial of this cause, and left the wheel with H. H. Lane, who testified that having it in his possession he loaned it to a man by the name of Quinn, who came to him and said that the plaintiff had offered to lend it to him to ride in a bicycle race, and he let him take it, to be returned after he rode the race; that he, Lane, had no authority from plaintiff to lend the wheel to Quinn, and that plaintiff had moved permanently to New York, after the trial in the justice's court. The evidence also showed, that defendant did not defend the suit in the justice's court, and that plaintiff was present at that trial, and testified that he demanded the wheel of defendant before he instituted the suit.

One Patterson testified for plaintiff, that he knew the wheel and proved its value and the value of it for use or hire; that he heard plaintiff demand it of defendant, and that witness demanded it of defendant for plaintiff before suit, and defendant declined to surrender it, claiming that he had loaned money on it, and would not give it up until the money he had loaned on it was paid. Wit-

ness further stated that the tires on the wheel belonged to him and the wheel itself to plaintiff, and he asked defendant for them, but whether they were delivered to him or not does not clearly appear.

The evidence of the defendant tended to show, that a man by the name of Parquette, on the 11th February, 1897, mortgaged the wheel to the defendant for the sum of $12. Who Parquette was, and how he came to have the wheel, or what connection he had with it, otherwise than that he mortgaged it to defendant, was not shown. It also tended to show, that plaintiff knew the wheel was in defendant's possession, and that he told defendant, if Parquette did not pay the money and redeem the wheel, he would. The suit was begun before the justice to recover the bicycle on the 3rd April, 1897.

The defendant asked the general charge which was refused, and also a second charge, that "If the plaintiff with knowledge of the facts agreed to pay the defendant, at any time before the commencement of the suit, the amount for which the bicycle was mortgaged or pawned to defendant, then the jury must find for defendant."

3. The first charge for defendant was asked on the theory, that if Patterson owned the tires on the wheel, and plaintiff was the owner of the balance of it, he could not maintain the action. It is not shown as to this matter, that the tires were on the wheel when this suit was instituted, but if they had been on it, they were there under the evidence, presumably by the consent of Patterson. But again, whether that was so or not, and they were on the wheel, their presence on it did not disentitle the plaintiff who owned it, from suing this defendant,— who owned no interest in it, and who claimed none except through the unauthorized mortgage of Parquette,— to recover it.—11 Am. & Eng. Ency. Law, 1089.

4. The second charge was equally without merit. The wheel was mortgaged to defendant by a party, who had gotten unwarranted possession of it and mortgaged it to defendant without the knowledge or consent of plaintiff. The defendant did not thereby acquire plaintiff's title to the property, and the mere unauthorized mortgage of it by a stranger, is no legal obstacle to plaintiff's right of possession. What was done by the stran-

[Cochran & Ramsey v. Adler *et al.*]

ger, Parquette, in mortgaging the property was in no sense in representation, or for the benefit of plaintiff, and the fact that plaintiff after he learned that defendant had his wheel and held it under mortgage from Parquette, promised the defendant that if the latter did not pay the mortgage, he would, did not bind him to do so, either as a promise to pay,— for as such the promise was a mere *nudum pactum,*— or, as between plaintiff and defendant, as a ratification or adoption of the mortgage, for there was no relation, actual or assumed, so far as is shown, as between plaintiff and the mortgagor, of principal and agent, or that the transaction had in it any element of benefit to plaintiff, but on the other hand, was one entirely of detriment to him.—3 Brick. Dig. 143, § § 18, 20; 1 Am. & Eng. Ency. Law, 429, 431; 19 Ib. 970; *Ellison v. Jackson W. Works Co.,* 12 Cal. 542; 1 Gr. Ev. § 66; *Chapman v. Lee,* 47 Ala. 143.

There was nothing shown in the motion therefor, for a new trial.

Affirmed.