MOORE *v.* VROOMAN.

## Phebe A. Moore v. Isaac W. Vrooman.

*Justice's courts: Non-resident plaintiff: Long summons.* The statute (*Comp. L. 1871,* § *5264*) being permissive only, and not imperative, that short summons *may* issue in case the plaintiff is a non-resident, the use of long process in such a case does not render the judgment void for want of jurisdiction.

*Judgment: Collateral attack: Summons.* Whether even if the statute were imperative, as it is in the case of non-resident defendants (§ *5265*), the judgment could be attacked collaterally on the ground that long process had been used :—*Quære ?*

*Replevin: Findings: Special property: Judgment.* A finding in replevin, that defendant did not unlawfully detain the property, that he had a lien on or special property in the same to an amount specified, and that the plaintiff was the general owner subject to defendant's lien, will authorize a judgment in defendant's favor for the amount of the lien as found; and the objection, that the statute (*Comp. L. 1871,* § *6754*) requires a more particular finding to warrant such judgment, will not prevail where no special findings were requested and no exception taken to the finding made.

*Heard October 22. Decided October 26.*

Error to Barry Circuit.

*William L. Cobb* and *Thompson, Reeves & Pratt,* for plaintiff in error.

*Harvey Wright,* for defendant in error

PER CURIAM:

Mrs. Moore brought replevin for seventy bags of wheat, and the wheat was seized under the writ and delivered to her. The defendant was sheriff, and set up in justification that he took and held the wheat under certain justice's executions placed in his hands against one Addison C. Moore. The cause was tried without jury, and on the trial, when the justice's judgments and executions were offered in evidence, it appeared that the suits were commenced by long summons, and the defendant admitted as matter of fact, a circumstance which did not appear in the proceedings, that the plaintiffs in such judgments were non-residents of the

county when the summons were issued. The counsel for Mrs. Moore objected that the judgments were void, and hence inadmissible, on the ground that the suits should not have been commenced by long process. The objection was overruled, and we think correctly. The statute (§ *5264, C. L.)* is not imperative that the summons shall be a short one in case the plaintiff is a non-resident. It is simply permissive in that case. In the next section, which regulates the time where the defendant is a non-resident, the language is different, and this difference was undoubtedly meant to mark a distinction. It is there provided that the summons "shall" be short, and not, as in the other, that it "may" be. If, however, the language of the first was the same as that in the last, we should hesitate before saying that the judgment could be held void in a collateral proceeding, and under the circumstances presented here.

The court found generally that the defendant did not unlawfully detain the property as alleged, and further that he had a lien on or special property in the wheat, to the amount of one hundred and forty-eight dollars and. ninety-four cents, and was not the general owner, and that Mrs. Moore was the general owner subject to the defendant's lien; and then proceeded to give judgment in the usual form under § *6754, C. L.,* in favor of defendant for the foregoing amount. No special findings were requested, nor was any exception taken to the finding made. It is objected that the statute just cited required a more particular finding to warrant the judgment, and especially in regard to the amount of the respective interests. We think otherwise. If the plaintiff desired farther findings, it was incumbent upon her to request them.

The judgment is affirmed, with costs.