HOMER A. QUACKENBUSH v. STEPHEN HENRY.

*Replevin—Assessment of damages—Comp. L., § 6754.*

The Michigan statute (Comp. L., § 6754) provides that in replevin the fact that either party has only a special property in the goods, may be proved on the trial, or on the assessment of value, or on the assessment of damages.    *Held* that this is meant to

permit proof on the trial, if a jury trial is had; or on assessment of value when demurrer is interposed; or on assessment of damages in case of judgment by default. But it does not authorize a second jury to be impaneled to assess damages after the case has been tried on the merits.

Error to Lapeer.   Submitted Jan. 23.   Decided Feb. 1.

REPLEVIN by Quackenbush for goods detained by Henry as under-sheriff.   Plaintiff brings error.

*C. P. Thomas* for plaintiff in error.

*Harrison Geer* for defendant in error.

MARSTON, J.   We think the court erred in permitting a second jury to be empaneled for the assessment of damages in this case.   The statute referred to, and under which this action was taken, would not authorize such a course.   In providing that when either of the parties to an action of replevin, at the time of the commencement of the suit, shall have only a lien upon or special property or part ownership in the goods and chattels described in the writ, and is not the general owner thereof, that fact might be proved on the trial, or on the assessment of value, or on the assessment of damages, the Legislature did not thereby intend that the action should be tried and determined by piecemeal,—that the cause might be tried upon the merits by one jury who might find a general verdict, and afterwards another be called to assess the damages.

The object and purpose of this legislation was to permit such special property or part ownership to be proved and determined upon the trial of the case, and by the same jury, if a jury trial were had, or on the assessment of value, where a demurrer had been interposed, or on the assessment of damages, in cases of judgment by default and other like cases.

The judgment must be reversed with costs, and a new trial ordered.

The other Justices concurred.