AMOS SAWYER V. JOHN VANHOUSEN AND DIANA VANHOUSEN.

*Possession of lands—Findings.*

The sufficiency of a finding in the absence of a request for one more complete, is determined by its consistency with the judgment.

A finding "that the relation of landlord and tenant existed between the parties; that the defendant was a tenant at will; that said tenancy was terminated by notice to quit before the commencement of this suit," warrants a judgment for the possession of lands.

Error to Calhoun. Submitted June 11 and 12. Decided June 18.

PROCEEDINGS TO RECOVER POSSESSION OF LAND. Defendant brings error.

*A. Stout* and *O. W. Barker* for plaintiff in error.

*Randolph Strickland* for defendants in error.

CAMPBELL, C. J. The defendants in error prosecuted summary proceedings to recover possession of land held by Sawyer, which went up to the circuit court for the county of Clinton. The printed record is very meager

and leaves out much of the proceedings. The case was tried in the circuit court without a jury, and judgment went for demandants. A finding of facts appears which is criticised by plaintiff in error as imperfect, and the only error alleged is that the facts do not support the judgment.

It is to be remarked that there is nothing in the record to show that complaint was made that the finding ought to have given the specific facts more at length. In the absence of any error alleged of that kind, and in the absence of any request for more complete findings, we can only determine the sufficiency of this finding by examining it to see whether the judgment is consistent with it. *Moore v. Vrooman*, 32 Mich., 526.

The present finding shows "that the relation of landlord and tenant existed between the parties; that the defendant was a tenant at will; that said tenancy was terminated by notice to quit, before the commencement of this suit."

This finding made out a complete case for the demandants, and warrants the judgment unless there is some further clause in the finding inconsistent with it.

There are several further findings which, in the absence of a bill of exceptions, are not very intelligible. We do not see in any of them, matter not entirely consistent with the previous recitals. No attempt was made on the argument to show any conflict, but the ground taken was the general insufficiency for want of more full statements of fact. This point we have before referred to. We need not therefore set out these further recitals, as they are not material to this controversy.

We think the judgment warranted by the finding, and it must be affirmed with costs.

The other Justices concurred.