[First National Bank of Gadsden v. Sproull.]

# First National Bank of Gadsden v. Sproull.

*Action for Money Had and Received.*

1. *Promissory note; when valuable consideration for transfer presumed.* Where a note is transferred before maturity, and the payee indorses it, waiving protest and guaranteeing prompt payment, it will be presumed that the transferee or holder acquired it for a valuable consideration.

2. *Action for money had and received; can be maintained by transferee of note and mortgage.*—Where promissory notes secured by mortgage are transferred by the mortgagee before maturity and the mortgage given to secure their payment ·is afterwards assigned to the same transferee to secure a debt due him from the mortgagee, who is not shown to have been indebted to the transferee otherwise than by the notes previously transferred, such transferee acquires title to the property embraced in the mortgage upon which he can maintain the equitable action for money had and received against one who, assuming to control it, disposed of the personal property embraced in the mortgage.

3. *Same; the fact that the mortgage embraced other property than that converted by defendant no defense.*—It is no defense to such an action, that the mortgage embraced other property than that converted by the defendant, which plaintiff could subject to the payment of his debt.

4. *Same; bona fide purchaser for value.*—In an action for money had and received by the transferee of negotiable notes and of the mortgage given to secure their payment, it was shown that said mortgage was duly recorded and contained an accurate description of the notes transferred, showing that they were commercial paper; that the defendant purchased from the mortgagee a part of the property embraced in said mortgage, without inquiry as to the ownership thereof, or as to the payment or satisfaction of the notes and mortgage, that the consideration for said purchase was, in part, payment of a debt due from the mortgagee to the defendant, and for the balance he gave his obligation. *Held:* That defendant was not a *bona fide* purchaser.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This suit was brought by the appellant, the first National Bank of Gadsden, against James C. Sproull, the appellee, for money had and received, seeking to recover

one-half the amount received by the defendant from certain property sold by him, on which the plaintiff had a lien as assignee of a certain mortgage and the notes secured thereby. The complaint contained a second count claiming the same amount of money as due by account.

The evidence shows that in August, 1890, J. C. Laney and F. E. Jackson were the owners of a railroad extending eastward for about three miles from Laney, Alabama, also a certain planing and saw mill, and other property; that on August 5, 1890, said Laney and Jackson sold and by deed conveyed to J. E. Line and W. H. Wilson an undivided one-half (to each an undivided one-fourth) interest in the said railroad and other property; that on said August 5, 1890, said Line and Wilson executed eight negotiable promissory notes for $1,375, each, payable to J. C. Laney and F. E. Jackson, for the purchase price of said property, and to secure the same executed and delivered to said J. C. Laney and F. E. Jackson a mortgage conveying the undivided one-half interest in and to the said "railroad including its rails, spikes and plates," &c., and the other property purchased by Line and Wilson from J. C. Laney and F. E. Jackson. This deed and mortgage were properly acknowledged and recorded, and together with the notes mentioned were introduced in evidence. All of these notes were, before maturity, transferred and endorsed by J. C. Laney and F. E. Jackson to the plaintiff, and the notes were the property of the plaintiff at the time of the trial and were unpaid. At a later date—on March 4, 1891—the said mortgage was transferred to plaintiff by indorsement as follows: "We hereby transfer all right and title accruing to us in the within mortgage to the First National Bank of Gadsden, Ala., for the purpose of securing them in a debt due by us to the First National Bank. This the 4th day of March, 1891. [Signed.] J. C. Laney. F. E. Jackson by J. C. L."

In May, 1893, the defendant purchased the rails, spikes, plates, bolts, &c., belonging to the said railroad, from J. C. Laney as the president of the Birmingham, Laney & Piedmont Railroad Company, which was then in possession of the said railroad. Said Laney died soon after the sale to defendant. During the summer of 1893, the rails, &c. of said railroad were taken up and shipped away. The defendant sold the rails,

spikes, plates and bolts belonging to said railroad to the Smith & Kilby Company, and received therefor the sum of thirty-two hundred and sixty-eight and 20-100 dollars ($3,268.20), on the 6th day of July, 1893.

The defendant offered in evidence the bill of sale to him, executed by J. C. Laney, as president of the Birmingham, Laney & Piedmont Railroad Company showing the items of his purchase, and that the amount thereof was forty-seven hundred, and fifty-two and 65-100 dollars ($4,752.65.) The defendant offered no other evidence.

The only evidence of payment by the defendant of the comsideration for the purchase of the rails and other property from the Birmingham, Laney & Piedmont Railroad Company, was the testimony of one Brockway, the cashier of the plaintiff, as to a statement made to him by the defendant. This, as recited in the bill of exceptions, was "that the defendant told him that he had purchased the rails from Laney,(the president of the Birmingham, Laney & Piedmont Railroad Company), and that of the purchase price Laney had paid an account to defendant for $700; that defendant had indorsed a note from Laney to the Queen City Bank for $500; and that he, defendant, had given Laney his four months' note for $2,000."

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence the court rendered judgment for the defendant, to which the plaintiff duly excepted. The plaintiff brings this appeal, and assigns as error the rendition of said judgment in favor of the defendant.

CALDWELL, JOHNSTON & ACKER, for appellant.—1. The transfer to plaintiff of notes secured by a mortgage is, in equity, a transfer of the mortgage.—*Duval v. McLoskey*, 1 Ala. 708; 3 Brick. Dig. 640, §§ 97, 98.

2. In order to maintain this action—for money had and received—it is not necessary that plaintiff should have had the legal title to the rails, &c. The action is an equitable action, and may be supported when the defendant has received money, which, in good conscience, he ought not to retain, and which *ex equo et bono* belongs to the plaintiff.—3 Brick. Dig. 51, §§ 10, 11; *Thornton v. Strauss*, 79 Ala. 164; *Barnett v. Warren*, 82 Ala. 557.

3. The interference by the defendant with the mort-

gaged property, whereby the plaintiff was prevented from enforcing its lien as the transferee of the mortgage debt, was a tort to the damage of the plaintiff, for which plaintiff, if it had the legal title to the property, could maintain trover.—*Freeman v. Scurlock*, 27 Ala. 407; *Bolling v. Kirby*, 90 Ala. 215; *Henderson v. Foy*, 96 Ala. 205. If plaintiff did not have the legal title, it might maintain an action on the case.—*Thompson v. Powell*, 77 Ala. 391; *Heflin v. Slay*, 78 Ala. 180; *Smith v. Fields*, 79 Ala. 335; *Whittleshoffer v. Strauss*, 83 Ala. 517; 3 Brick. Dig. 12, §§ 4, 5. Plaintiff could waive the tort, and sue in assumpsit for money had and received, and recover the amount received by the defendant on the sale of the mortgaged propety.—*Miller v. King*, 67 Ala. 575; *Thornton v. Strauss*, 79 Ala 164; *Barnett v. Warren*, 82 Ala. 557; *Smith v. Jernigan*, 83 Ala. 256.

4. The defendant can not claim to be a *bona fide* purchaser without notice, and thereby defeat a recovery by plaintiff in this action. The facts of the case do not sustain such a defense.—*M. & M. Railway Co. v. Felrath*, 67 Ala. 189; *Robinson v. Lehman*, 72 Ala. 401.

J. J. WILLETT and CASSADY, BLACKWELL & KEITH, *contra.*—1. The mortgage being upon real estate, the transfer of it in this case, as shown by the indorsement, did not convey the legal title to the lands or the rails.— *Sanders v. Cassady*, 86 Ala. 246; Code of 1886,§ 1789.

2. There can be no recovery in an action for money had and received unless an injury to the plaintiff is shown, arising out of the connection of the defendant with the property covered by the mortgage. The same character of proof is required in such suit as is required in an action on the case by one having a lien on the property. The plaintiff must therefore fail, because no injury is shown to have been sustained by it.—*Hussey v. Peebles*, 53 Ala. 432.

3. To maintain this action, it is not enough for the plaintiff to show that defendant is not entitled to the money; he must go further and show that the plaintiff is *ex equo et bono* entitled to it.—*Hungerford v. Moore*, 65 Ala. 232. The burden being on the plaintiff to show injury or damage, and that it has not the means in its hands of indemnity in the other property conveyed by the mortgage, and no proof showing the facts offered,

the plaintiff must fail in this action.—*M. & M. Railway Co. v. Felrath*, 67 Ala. 189.

HARALSON, J.—1. The proof does not show the exact date when the Line and Wilson notes were transfered by Laney and Jackson, the payees, to the plaintiff; but, it does show that they were transferred before their maturity, and that they were the property of the plaintiff and unpaid at the trial of the cause. They each bore the indorsement of the payees, waiving protest and guaranteeing prompt payment. The presumption is, that they were acquired on a valuable consideration.—3 Brick. Dig. 91, § 130.

2. These notes were secured by the mortgage on the property sold, for which they were given as the purchase price. At the time the notes were assigned and became the property of the bank, the mortgage to secure them was not by delivery merely, or by any written assignment, transferred to the plaintiff. This was done, however, on the 4th of March, 1891—one day less than a month after the first two notes fell due—the assignment specifying, that it was to secure the bank in a debt due to it by the payees, Laney and Jackson. It was not shown they owed any other indebtedness to the bank besides these transferred notes.

3. The well understood rule is, that the transfer by delivery merely, or by assignment in writing, of a mortgage debt, operates as an equitable assignment to the transferee of the mortgage by which the debt is secured, such as will authorize the transferee to file a bill to foreclose the mortgage, the debt being the principal and the mortgage its mere incident.—*Prout v. Hoge*, 57 Ala. 31; *Williams v. Cox*, 78 Ala. 327; *O'Neal v. Seixas*, 85 Ala. 84; 1 Brick. Dig. 126, § 48. "An assignment of the debt, without an assignment of the mortgage, will not at law pass the legal estate of the mortgagee. That remains with him, clothed with a trust for the assignee." *Welsh v. Phillips*, 54 Ala. 309; *Prout v. Hoge*, 57 Ala. 31, *supra*.

4. There can be no question, therefore, but that under the transfer of the notes and mortgage as shown in this case, the transferee, the plaintiff, acquired an equitable title to and lien on the property embraced in the mortgage, and having such a

title and lien, it might maintain an action in tort or for money had and received against any one who, assuming to control, disposed of the personal property embraced in the mortgage.—*Sanders v. Cassady*, 86 Ala. 248; *Barnett v. Warren*, 82 Ala. 557; *Collier v. Faulk*, 69 Ala. 58; *Hussey v. Peebles*, 53 Ala. 432.

5. In such a case, it is no answer to the complaint, as contended for here, that there was other property in the mortgage, besides that converted by the defendant, to which plaintiff might resort. His security being upon the entire property mortgaged, and the mortgage debt remaining unsatisfied, forbade any one, with knowledge of the incumbrance, to interfere with, and dispose of any portion of it, without causing damage to the plaintiff, to the extent of such unlawful disposition.—*Robinson v. Lehman*, 72 Ala. 402; *Steinhart v. Bell*, 80 Ala. 208; *Lake v. Gaines*, 75 Ala. 143; *Thompson v. Powell*, 77 Ala. 392.

6. The defense in this case—upon which it was tried, as though a special plea to that effect had been interposed—was, that the defendant was a *bona fide* purchaser for value of the personal property included in the mortgage, which he purchased from the Birmingham, Laney & Piedmont R. R. Co. for the sum of $4,752.65, and a part of which he sold to the Smith & Kilby Co. for $3,268.20.

We have held that in a proper plea of an innocent purchaser for value, the defendant should not only state the purchase and *bona fide* payment of the consideration, with circumstantiality of details, but must also deny notice of the outstanding equity, and knowledge as to any fact sufficient to put him on inquiry, previous to and down to the time of paying the money; and the denial must be positive and not evasive.—*Gresham v. Ware*, 79 Ala. 198; *May v. Wilkinson*, 76 Ala. 543; *Hooper v. Strahan*, 71 Ala. 75; *Craft v. Russell*, 67 Ala. 12; *Ledbetter v. Walker*, 31 Ala. 175.

And in *Barton v. Barton*, 75 Ala. 402, as touching the proof necessary to be made to sustain such a plea, it was said: "The rule of proof of *bona fide* purchase is, that the party pleading it, must first make satisfactory proof of the purchase payment. This is affirmative, defensive matter, in the nature of confession and avoidance, and the burden of proving it rests on him who asserts

it. *Ei incumbit probatio, qui dicit*. This done, he need go no further, and prove he made such purchase and payment without notice. The burden here shifts, and if it be desired to avoid the effect of such purchase and payment, it must be met by counter proof, that, before the payment, the purchaser had actual or constructive notice of the equity or lien asserted, or, of some fact or circumstance, sufficient to put him on inquiry, which if followed up, would discover the equity or incumbrance."—*Wynn v. Rosette*, 66 Ala. 520.

In *Ogle v. Turpin*, 102 Ill. 148, it was said : ''There is no presumption of law that the payee of notes secured by mortgage has transferred the notes before purchasing the equity of redemption from the mortgagor, and a person taking a mortgage from the payee will not be held chargeable with notice that the notes secured in the first mortgage, although not due, have been assigned, but he may rely upon the record as showing title in his mortgagor." In *Vann v. Marbury*, 100 Ala. 438, we approve this principle as correct, except where the mortgage shows on its face the negotiable character of the notes it secures, in which event, as was said, it might be incumbent on a subsequent purchaser to inquire as to whether the notes had been assigned, citing *Keohane v. Smith*, 97 Ill. 156 ; 1 Jones on Mort., § 814.

7. Now, it is shown that the mortgage under which the appellant claims, was duly recorded in the county where the parties resided and the property was situate, within a few days after its execution, and that it contained an accurate description of the notes it was given to secure, which had been transferred, before the maturity of either of them, to the plaintiff, showing that they were commercial paper, each of them being payable at the plaintiff's bank. The defendant failed to prove that he paid the money for the property he purchased ; but, on the other hand, the proof of the plaintiff is satisfactory to show, that he did not pay but a small part of it, amounting to $700 at the time of the purchase, and that amount in satisfaction of an account one of the mortgagees owed him, and gave obligations for the balance ; and while yet owing that balance, the plaintiff gave him notice that it had a mortgage from the original owners, on the rails he had purchased. Nor was it shown that the defendant, at the time he purchased, made any effort

by inquiries from the payees of said notes and the mortgagees in said mortgage, concerning said notes and mortgage, as to where they were and who held them ; but, he purchased the property, so far as appears, without any inquiry from any one, as to the ownership of said notes and mortgage, without requiring them to be produced, and without any evidence that they had been paid or that his vendor was the holder or owner of them. He appears simply to have trusted the parties with whom he dealt, that it was proper and safe for him to purchase.

It thus appears, that the defendant has failed to make out his defense, and that plaintiff has established its right to recover. The judgment of the court below will be reversed, and the judgment it ought to have given for the plaintiff will be here rendered in its favor, for $1,634.10, the same being for one-half the amount which was secured by the defendant for the personal property in said mortgage which was converted and sold by him, with interest thereon, from the 6th July, 1893, the date of its sale by him, and for the costs in the court below and in this court.

Reversed and rendered.