DUKE *v.* BEATTY.

REPLEVIN—SEPARATE LIENS—JUDGMENT—STATUTES.

Under section 10675, 3 Comp. Laws, where each of two defendants in replevin has a separate lien and claim against the property replevied, and waives a return of the property, the court has power to render a separate judgment in favor of each defendant for the amount of his lien.

Error to Van Buren; Des Voignes, J. Submitted February 21, 1907. (Docket No. 117.) Decided March 26, 1907.

Replevin by Marcus B. Duke and Edward Ingraham against Peter Beatty and Lemuel Beatty. There was judgment for plaintiffs on a verdict directed by the court, and defendants bring error. Reversed.

*Barnard & Lewis*, for appellants.

*Cook & Chandler* (*Thomas J. Cavanaugh*, of counsel), for appellees.

MOORE, J. This is a suit in replevin. Plaintiffs were the owners of a merry-go-round which they were running in the State of Indiana. They gave a chattel mortgage thereon October 20, 1903, to Mrs. Meyers for $125, which came due in January, 1904. They had some talk with defendants about helping them to raise money to take up this mortgage. The result of their negotiations was that they gave a bill of sale to the defendants of the property which is described in the writ of replevin. The bill of sale is not returned to this court, but is stated to have been in the ordinary form, running to Peter Beatty and Lemuel Beatty, the consideration named therein being $125. All the parties are agreed that while the bill of sale, by its

terms, was absolute, that it in fact was given to secure defendants.

It is the plaintiffs' claim that the defendants were secured against loss by reason of signing a note in the sum of $125; that the note was subsequently paid, by moneys taken in by all the parties while running the merry-go-round, and the lien was discharged.

It was the claim of defendants that the bill of sale was given, not only to secure them because of their signing the note, but that they were to go with the machine, and help run it; that they were to be paid; that they were also to be reimbursed for money advanced; and that each of them worked and advanced money for which they had not been reimbursed—all of which was secured by the bill of sale. The circuit judge was of the opinion that, as the evidence disclosed the claim of each of defendants was an individual one, the amount each claimed as a lien could not be determined in this action, and directed a verdict in favor of the plaintiffs.

The question involved is, Did the judge err in directing a verdict? As before stated, the action is replevin with the usual declaration in replevin. The plea was the general issue. Upon the trial the defendants waived a return of the property, and asked that the amount of their several liens be fixed. The plaintiffs claimed the lien secured by the bill of sale was discharged. We have already stated the claim of defendants. This difference in the respective claims made a question of fact for the jury, unless the judge was right in holding that because the suit was brought against the two defendants, that each of them could not have a lien, the amount of which could be determined in this litigation. *Sweetzer* v. *Mead*, 5 Mich. 107, is authority for the proposition that where each of two defendants has an independent lien for separate claims, that the two liens will not support a joint judgment. Our attention has not, however, been called to a case holding that each of them might not have a judgment for the amount of his lien. We think section 10675, 3 Comp.

Laws, contemplates that, when either of the parties to an action of this kind has a lien or special property in the goods described in the writ, the court may render such judgment as shall be just between the parties. See the cases cited in the note to section 10675, 3 Comp Laws.

Judgment is reversed, and new trial ordered.

McALVAY, C. J., and CARPENTER, OSTRANDER, and HOOKER, JJ., concurred.