## O'NEILL v. THOMPSON.

1. SALES—PASSING TITLE—BONA FIDE PURCHASERS.
    A genuine bill of sale reciting a consideration, accompanied by evidence of possession thereunder, is sufficient evidence of title to chattels, except as to creditors and subsequent good-faith purchasers for value, notwithstanding subsequent possession by the seller.

2. REPLEVIN—RIGHT OF POSSESSION—SPECIAL INTEREST—EFFECT.
    After plaintiff had bought certain chattels they again came into possession of the seller and defendant bought them of him, making a payment on the price, in reliance upon his claim of ownership. Plaintiff did nothing to accredit the asserted title of the seller. After making demand for possession, refused on the ground of ownership, plaintiff brought replevin, and on the trial defendant asked for judgment, on the theory that the demand for possession should have been accompanied by a tender of the amount he had paid for the property, declining to have his special interest determined. *Held*, that a judgment for plaintiff would not be disturbed.

Error to St. Clair; Law, J. Submitted January 22, 1908. (Docket No. 115.) Decided May 1, 1908.

Replevin by John G. O'Neill and Mary M. Atkinson

against Robert P. Thompson.   There was judgment for plaintiffs, and defendant brings error.   Affirmed.

*William T. Mitchell* ( *Stevens Graham & Stevens*, of counsel ), for appellant.

*Frederick B. Brown*, for appellee.

OSTRANDER, J.   Plaintiffs seized an engine and centrifugal pump in the possession of defendant.   Defendant gave a bond to prevent removal of the property and seeks to reverse a judgment rendered against him for its value. Both parties to the suit claim through the same original owner of the property, plaintiffs as general owners, defendant as a purchaser who found the property in the possession of his vendor, bargained for it and had paid, when action was begun, $10 on an agreed purchase price of $150.   No tender or payment was made to defendant before suit.   At the trial, defendant insisted upon a general verdict, declining, if plaintiffs were found to be the owners, to have his special interest determined.   There was testimony which warranted the jury in finding, as they did, that plaintiffs were general owners of the property. They produced a bill of sale, made some years before defendant claimed to have purchased the property, and, although offering no evidence of having paid for the property, except as the bill of sale recited and imported a consideration, produced testimony tending to prove that for some three years they had possession of the property. How the original owner came again to have the property upon his premises does not clearly appear.   He was deceased at the time of the trial.   Defendant did not attempt to prove that his vendor acquired a title after the execution of the bill of sale.   There is no evidence tending to prove that the transaction was the giving of security merely.   This bill of sale, if genuine, with the evidence of plaintiffs' possession of the property, would be sufficient evidence of plaintiffs' title except as against creditors and subsequent good-faith purchasers of the property for

value. *McMaster* v. *Campbell*, 41 Mich. 513; *Kohl* v. *Lynn*, 34 Mich. 360; *Spicer* v. *Waters*, 65 Barb. (N. Y.) 231. There is no testimony tending to show that when the property was sold to plaintiffs the vendor had any creditors. The testimony warranted a finding that defendant's vendor at the time of the sale to defendant had the property upon his premises and, by offering it for sale to defendant, and by statement, claimed ownership; that he had been in apparent control of the property for a considerable time, and that when defendant agreed to purchase, and when he paid the $10 upon the purchase price, he had no notice of the claim or right of plaintiffs. It is contended that if the jury found these facts, defendant's possession was a lawful one and continued to be lawful until by demand and by payment, or tender of the money he had paid, it was made, as against plaintiffs, unlawful. The court was requested to instruct the jury to that effect. The instruction given was:

"I had intended to give the jury instruction in reference to the interest of property right which Mr. Thompson might have in the goods replevined, even if you find in favor of the plaintiffs, but the defendant's attorneys have requested me to instruct you as follows:

" ' The primary question in this case is, Who, plaintiff or defendant, is entitled to the possession ? and if defendant, who still holds the property, is entitled to your verdict of not guilty, or that he did not hold the property unlawfully, that ends the case, unless he elects to have the value of his interest and possessory right assessed, and in this case the defendant does not so elect, but asks for you simply to determine his rights to possession with nominal damages of six cents, if against him, and, if for him, not guilty, or that he did hold the property lawfully.'

"I give you that instruction as requested by defendant's attorneys and on that theory of the case if the defendant does not ask to have his interest determined in the property, I hardly think it would be proper for the court to submit that theory to you. I am right, gentlemen, am I not?" (Counsel for defendant) "nodded his head."

The point is the one most urged upon this court at the

hearing. As a practical one, it involves costs only, since it is clear that the special interest of defendant, if any, might have been determined by the verdict. *Moore* v. *Vrooman*, 32 Mich. 526; *Farmers' Loan & Trust Co.* v. *St. Clair*, 34 Mich. 518. See, also, *Gidday* v. *Witherspoon*, 35 Mich. 368; *Quackenbush* v. *Henry*, 38 Mich. 369; *Alderman* v. *Manchester*, 49 Mich. 48; *Williams* v. *Bresnahan*, 66 Mich. 634; *Duke* v. *Beatty*, 147 Mich. 665. That plaintiffs made proper demands for a return of the property is not disputed. The undisputed testimony is that defendant, in reply to a question asked by one of the plaintiffs, said he would not surrender the property unless it was taken legally. There is no testimony tending to prove that he was asserting less than ownership; he challenged plaintiffs' ownership. He gave a bond to the sheriff to prevent delivery of the property to plaintiffs. An examination of the record discloses no testimony tending to prove that Bartow's possession of the property, when he sold it to defendant, was with the knowledge or consent of plaintiffs, or that defendant's agent in making the purchase made any inquiry as to the ownership of the property except of Bartow. He asked Bartow, he says, if he was owner of the pump and if any one else had any claim of any kind or character at all. He relied, not upon Bartow's original ownership of the property, of which it does not appear that he or his agent, who made the purchase, had any knowledge, but upon his apparent ownership indicated by possession. There is nothing to show that plaintiffs lent themselves to accredit the asserted title of Bartow, and therefore there is nothing to estop plaintiffs from recovering from the defendant as they might have recovered from his grantor.

We find no reversible error committed at the trial, and are of opinion that the court properly denied a new trial.

The judgment is affirmed.

GRANT, C. J., and MONTGOMERY, HOOKER, and CARPENTER, JJ., concurred.