(114 So. 176)

## McLEOD LUMBER CO. v. NEIGHBORS.
### (5 Div. 621.)

Court of Appeals of Alabama.    April 5, 1927.

Rehearing Denied Oct. 4, 1927.

L. H. Ellis, of Columbiana, for appellant.

206

John A. Darden, of Goodwater, for appellee.

SAMFORD, J. The suit was for damages for the conversion of 40,000 feet of lumber, upon which plaintiff claimed a mortgage. The mortgage under which plaintiff claims title was dated August 4, 1923, and besides certain property not here necessary to describe, conveyed seven cars of lumber, pine and other kinds, also all timbers and lumbers or timbers cut from certain lands named; all being located in Coosa county, Ala. The mortgage contained a warranty against all claims and incumbrances, was properly acknowledged and duly recorded. There was evidence that the amount due on this mortgage was the amount found by the jury.

It has long been the law, as insisted by appellant, that to support the action of trover, the plaintiff must at the time of the conversion have had a property in the chattel, either general or special, and the actual possession or the right to immediate possession. Nations v. Hawkins, 11 Ala. 859. Based upon the foregoing rule, it is contended by appellant that the giving of the mortgage to plaintiff (appellee) by Davis, the mortgagor, prior to the purchase of the lumber by appellant, describing the property mortgaged as timber on certain designated land and lumber therefrom, is not sufficient to show title in plaintiff in such sort as will maintain trover; there being no evidence that the mortgagor had any interest in the lumber or timber mortgaged. Let us see if the record bears out this contention. The money to buy the sawmill and timber was advanced by plaintiff in June, 1922; the evidence for plaintiff is that the lumber bought by defendant was cut from timber covered by the mortgages to plaintiff; there is no evidence that the mortgagor had any other lands from which to cut the lumber. It appears that his mill was located upon one of the places named and that he was engaged in cutting timber at the time the mortgage dated August 4, 1923, was given, from the lands embraced in that mortgage. By inference at least the plaintiff's testimony shows that Davis, the mortgagor, was in possession of the property at the time of the execution of the mortgage. The mortgagor being in possession of the property at the time the mortgage was given, prima facie at least, the title passed to this plaintiff by virtue of the mortgage. Donahoo v. Durick, 193 Ala. 456, 69 So. 545. The lumber in controversy here being, in the main, the product of the timber embraced in plaintiff's mortgage, plaintiff has such title therein as will enable him to maintain this suit. We find no evidence in this record tending to invalidate the mortgage of Davis to plaintiff dated August 4, 1923.

It is contended that Davis, the mortgagor, bought some timber from the public and manufactured it at his mill into lumber, and that this lumber was not covered by the mortgage. If this was so, such lumber was so mixed and mingled with lumber that was covered by plaintiff's mortgages as not to be distinguishable from the lumber covered by the mortgage and prima facie at least became subject to the mortgage. Burns v. Campbell, 71 Ala. 271; 5 R. C. L. p. 440, par. 73.

It is next contended that Davis, the mortgagor, was authorized to sell the lumber and account to plaintiff for the proceeds; that pursuant to this authority Davis sold this lumber to defendant and did pay him a part of the proceeds. It is denied by plaintiff in his testimony that he ever gave Davis the right to dispose of the lumber described in the mortgage of August 4, 1923, but plaintiff admitted that after the lumber had been sold to defendant by Davis, he said to Davis:

"Just so it is paid, that will be all right; you know what the understanding was when that lumber was sold, I was to get the money; but just so you pay it, it will be all right."

This in no way constitutes a waiver of the lien by plaintiff. Caton v. Andalusia National Bank, ante, p. 175, 114 So. 74; Burks v. Hubbard, 69 Ala. 379.

It was also contended by defendant in the court below (appellant here) that plaintiff constituted Davis (the mortgagor) his agent to dispose of the lumber, and that Davis was to account to plaintiff for the proceeds. This was a controverted issue of fact, upon which the evidence was in conflict.

Actions ex delicto and actions ex contractu may be joined in the same suit, where both claims arise out of the same transaction or relate to the same matter. Code 1923, § 9467. Where one count is for conversion and another on an account, the jury upon the evidence must render the proper verdict, and it is a well-recognized rule in this state that a plaintiff may waive the tort and sue in assumpsit. Where this is done, a recovery in assumpsit as for money had and received would be warranted upon the same evidence establishing a right to recover on the tort. 1 Mitch. Dig. p. 107, par. 28.

So, also, if Davis, the mortgagor, being in possession of plaintiff's lumber, wrongfully sold and delivered it to this defendant, there arose an implied promise on the part of defendant to pay plaintiff the reasonable market value of the lumber, which may be recovered in a suit for an account. Bradfield v. Patterson, 106 Ala. 397, 17 So. 536; Finney v. Studebaker Corp., 196 Ala. 422, 72 So. 54.

Refused charge 3, besides being elliptical, requests affirmative instructions not authorized by the evidence.

Refused charge ABC was invasive of the province of the jury.

As has been seen, a plaintiff whose goods and chattels have been converted may waive the tort and seek recovery in assumpsit, and if the facts will warrant it will authorize a judgment in assumpsit. Charges 3a and 1a were properly refused.

The plaintiff qualified as to his knowledge of the market price of lumber at the time of the alleged conversion and was properly allowed to testify as to what it was worth at that time.

One Wood was the general manager of defendant's business at the time of the alleged conversion. Afterwards Wood left and Mr. Singleton became defendant's general manager. Singleton had had nothing to do with the transactions up to that time, and the statement attributed to him that "he would pay it" could not under the evidence be binding on defendant, and should have been excluded. But from a reading of the entire record this error could not have injuriously affected defendant's rights.

The other two assignments of error relate to the action of the trial court in overruling defendant's motion for a new trial.

For the reasons appearing in the foregoing opinion, we are of the opinion that the court did not err in refusing this motion.

There is no reversible error in the record, and the judgment is affirmed.

Affirmed.