IN RE WILL OF DONNELY.

1. **Will:** PROBATE OF: SUFFICIENCY OF EVIDENCE ON APPEAL. A proceeding to prove a will is not reviewable *de novo* on appeal; (*Sisters of Visitation v. Glass*, 45 Iowa, 154; *Ross v. McQuiston,* Id., 145;) and so the finding of the trial court upon questions of fact in such a case cannot be set aside unless it appears to be so manifestly against the weight of the evidence as to justify the belief that it is the result of passion or prejudice.

2. ———: FRAUD OF DEVISEE: FACTS NOT CONSTITUTING. In this case it was sought to set aside a will made by a woman to her husband, on the ground that he had a wife living at the time of his marriage to the testatrix, and at the time the will was made. But, as the testatrix had a right to dispose of her property as she pleased, and as it appears that she knew when she married the devisee, and when she made the will, all the facts in relation to his former alliances, though she may not have known their legal effect, *held* that the will could not be set aside on account thereof.

*Appeal from Cedar Circuit Court.*

FRIDAY, DECEMBER 18.

ON the twenty-second day of February, 1884, an instrument in writing purporting to be the last will of Rosa J. Donnely was filed with the clerk of the circuit court. By this instrument the whole of the estate of the testatrix, except a trifling bequest to each of her three brothers, was devised to James Donnely, her husband. At the time fixed for the hearing, the mother and brothers of the testatrix appeared, and contested the proving of the will, on the grounds —*First*, that at the time the will purports to have been executed the said Rosa J. Donnely was incapable of executing a will, being sick and unconscious, and not of sound and disposing mind and memory; and, *second,* that she was induced to execute the will by the fraud and false pretenses of said James Donnely. The cause was tried to the court, and it was ordered by the court that the instrument be admitted to probate as the last will and testament of Rosa J. Donnely. From this order the contestants appeal.

*Bartholomew & Crumpacker*, and *Piatt & Carr*, for appellants.

*Rickel & Bull* and *Wolf & Landt*, for appellee.

REED, J.—I. The cause is not triable *de novo* in this court. *Sisters of Visitation v. Glass*, 45 Iowa, 154; *Ross v. McQuiston*, Id., 145. The order admitting the will to probate necessarily implies that the court found that the testatrix was of sound and disposing mind and memory when she executed the instrument. This finding has the force and effect of a verdict by a jury, and, under the well-settled rule prevailing in this court, we would not be justified in disturbing it unless it appears to be so manifestly against the weight of evidence as to justify the belief that it is the result of passion or prejudice. Without setting out the evidence which bears upon the question, we deem it sufficient to say that in our opinion the finding of the circuit court is abundantly sustained by it.

1. WILL: probate of: sufficiency of evidence on appeal.

II. The testatrix and James Donnely were married in March, 1883, and they lived together in the relation of husband and wife from that date to the time of her death, which occurred four days after the will was executed. The claim of the contestants is that the marriage of the parties was invalid, for the reason that Donnely, at the time it was celebrated, had a living wife, from whom he had never been divorced or legally separated, and that he falsely assumed the relation of husband; and, as the bequest was given him in that character, he ought not to be permitted to have the benefit of it. The evidence shows without any doubt that, before his marriage with the testatrix, Donnely lived for a number of years with a woman named Ada Baker, whom he held out to the world as his wife, and who was understood in the community in which they lived to be his wife. It was also shown that this woman, while he lived in this relation with her, bore a child, which he recognized and treated as his offspring; and that she joined him in conveying real estate, signing the conveyances as his wife, and relinquishing her right of dower in the property conveyed. It was also shown that after he ceased to live with this woman, and before his marriage with testatrix, he married another woman in the state of Indiana, and that, because of this marriage, he was convicted of the crime of bigamy in one of the courts of that state, and sentenced to a term of imprisonment in the penitentiary. He admitted that he had never been divorced from the woman with whom he first lived. He testified, however, that he had never been married to her, and it was shown that since he ceased to live with her she had married another man, with whom she was living at the time of the trial. For some time before his marriage with Rosa J. Donnely she lived with him as his housekeeper. She was a married woman, living separate from her husband, but obtained a divorce from him before the marrige with Donnely. She knew, before she married him, of the relations which had existed between him and the

*2. WILL: fraud of devisee: facts not constituting.*

woman Baker. She knew of the birth of the child, and that he recognized it as his offspring, and she assisted in caring for it while she was acting as his housekeeper. She also knew of his marriage in Indiana, and of his conviction of bigamy and imprisonment in the penitentiary therefor. On this state of facts it is unnecessary to determine whether the marriage between the parties was valid or not. For the purpose of the case it may be conceded that Donnely, by reason of his relation with Ada Baker, was incapable of contracting a valid marriage with the testatrix. It may also be conceded that, if he had contracted the marriage with the testatrix without disclosing to her the facts with reference to his relation to the other woman, he would not be permitted to have the benefit of any legacy given by her in the belief that their marriage was valid. The grounds upon which he would in that case be denied the benefits of the will would be that he had grossly misled the testatrix as to the very matter which would be presumed to have influenced her to give the legacy. Having procured the bequest to be made by a fraudulent concealment as to the true character of the relations which he bore to the testatrix, the law would not be made the instrument for securing to him the fruits of such fraud. *Kennell v. Abbott*, 4 Ves. Jr., 802.

In the present case, however, there was no abuse of the confidence of the testatrix. When she made the bequest, she had full knowledge of all the facts affecting the character of her relations with the devisee. She may have been mistaken as to the legal effect of the facts, but she was in no manner deceived as to the facts themselves. She believed, doubtless, when she married Donnely, that he was competent to enter into a valid marriage contract, but that belief was formed upon a full knowledge of the facts affecting his competency. Her mistaken belief as to the legal effect of the facts affords no ground for defeating the bequest. Having deliberately executed the will, with full knowledge of the facts, it must be presumed that she intended it to be operative regardless

of the character which might be given by them to her rela-
tions with the devisee.   She had the right to make this dis-
position of her property, and we see no ground in the facts
of the case upon which her intentions can be defeated.

AFFIRMED.