(98 South. 800)
**MARTINDALE et al. v. BRIDGFORTH.**
(6 Div. 950.)

(Supreme Court of Alabama. Jan. 17, 1924.)

**I. Wills** ⬢⟲152 — **Testator's mere mistaken opinion as to outside fact inducing bequest is not ground for contest.**

A will may be reformed for mistake in the draftsman failing to express testator's real intention, but testator's mere mistaken opinion

as to some outside fact which may induce the bequest is not a recognized ground of contest.

**2. Wills ⬳152—Mistake touching relationship of beneficiary inducing execution will not avoid will in absence of fraud.**

A mere mistake, touching the real relationship of the beneficiary, like a mistake as to any other extrinsic fact inducing the execution of a will, will not avoid it in the absence of fraud.

**3. Wills ⬳163(1) — Contestants must prove all elements of fraud.**

A will duly executed, signed, and attested in the form prescribed by law is presumed valid, and contestants must show all the elements constituting alleged fraud.

**4. Wills ⬳166(1)—Evidence held to negative "fraud" inducing bequest "to my half-sister" to one not so related.**

Evidence that testator, knowing that his beneficiary was not his father's child, frequently went to her house, calling her sister, attending his father's funeral with her, and addressing her in a letter written during his last illness as "Dear sister" when she attended him until his death, his identification card naming her as one to be notified in case of accident, *held* to negative fraud on her part inducing the making of his will to her as "my half-sister," in the absence of proof that the claim of brother and sister did not originate in mutual supposition; "fraud" meaning "trick," "artifice," "deception," etc., deliberately practiced.

[Ed. Note.—For other definitions. see Words and Phrases, First and Second Series, Fraud.]

**5. Wills ⬳384—Right to affirmative charge rendered otherwise intervening errors not prejudicial.**

Where the affirmative charge for proponent of a will was warranted, errors if any otherwise intervening on the trial were not prejudicial to contestants.

Appeal from Probate Court, Jefferson County; J. P. Stiles, Judge.

Petition of Alice Bridgforth to probate the will of Tom Malone, deceased, contested by Willis Martindale, Jim Cross, and Emerline Sneed. From a decree admitting the will to probate, contestants appeal. Affirmed.

Allen & McEwen and James H. Bradford, all of Birmingham, for appellants.

Whether a bequest will take effect or not will depend upon whether the supposed relationship or status constituted the motive for the gift, and the beneficiary is to be deprived of his legacy, not because he has acted in bad faith, but because he does not satisfy the implied condition upon which it was given. Walker v. Carson, 17 A. L. R. 247, note; 1 Redfield on Wills, 362; 1 Jarman on Wills, 597. If testator has been deceived by fraudulent assumption of character as legatee, legacy will not take effect. Giles v. Giles, 5 L. J. Ch. (N. S.) 46; Penfold v. Giles, 6 L. J. Ch. (N. S.) 4; 48 Eng. Rep. 471; L. R. A.

1917B, 1153; Burney v. Torrey, 100 Ala. 157, 14 South. 685, 46 Am. St. Rep. 33.

Beddow & Oberdorfer, of Birmingham (S. A. Lynne, of Decatur, of counsel), for appellee.

When fraud is charged, the facts constituting it must be alleged and proven. Ellis v. Crawson, 147 Ala. 294, 41 South. 942; Barksdale v. Davis, 114 Ala. 623, 22 South. 17; Wallace v. Crosthwait, 196 Ala. 356, 71 South. 666; Corinth Bank v. Pride, 201 Ala. 683, 79 South. 255; 27 C. J. 47. The presumption is in favor of the validity of a will. Barnewall v. Murrell, 108 Ala. 366, 18 South. 831. Testator's ignorance of the facts must be alleged and proven; likewise that he relied on misrepresentations and was deceived thereby. Moore v. Heineke, 119 Ala. 627, 24 South. 374; Wenning v. Teeple, 144 Ind. 189, 41 N. E. 600; In re Carson, 184 Cal. 437, 194 Pac. 5, 17 A. L. R. 247; 27 C. J. 36; Wall v. Graham, 192 Ala. 396, 68 South. 298.

BOULDIN, J. This is a will contest.

The fifth ground of contest sets forth that the proponent is not the person described in the will as beneficiary or executrix. The bequest is to. "my half-sister Alice Bridgforth." It is not questioned that Alice Bridgforth, the proponent, is the same person named in the will, but it is claimed she was not the "half-sister" of the testator; that being so described in the will evidences an intention to make the bequest to her because of the relation stated; that the supposed kinship was the motive of the gift; that therefore the bequest must fail because she does not satisfy the implied condition upon which it was given.

The argument of appellants is to the effect that it is immaterial whether there was deceit on the part of the beneficiary or a mere mistake on the part of the testator, to which she did not knowingly contribute; that the "validity of the bequest will depend upon whether the supposed relationship constituted the motive for the gift."

In note to Re Carson, 17 A. L. R. 248, one generalization stated is:

"Where the beneficiary is shown to have acted in good faith, and the testator has been deceived by his own misapprehension of the situation or by the misrepresentations of a third person, it does not necessarily follow that the bequest is valid; but whether it will take effect or not will depend upon whether the supposed relationship or status was the sole motive for making it."

The text is supported by certain English cases cited.

[1] Whether cases may arise to which such rule will properly apply we need not inquire. Thus broadly stated, it seems to make a mere mistake on the part of the testator, as to facts leading to his will, a ground of contest. A will, like another writing, may be

reformed for mistake in the draftsman failing to express the real intention of the testator. But the mere mistaken opinion of the testator as to some outside fact which may induce the bequest is not a recognized ground of contest. It seems to us the proposition relied upon confuses wills with contracts, where mutuality exists, and a consideration is necessary to support the transaction. Relief on the ground of mistake in such cases is a recognized ground of equity jurisdiction. Wills stand on a different footing. If a will can be contested on the mere ground of mistake as to the facts which are supposed to have led the testator to dispose of his property as he did, a new and unlimited field of litigation would be opened up. The solemnly declared will of a decedent would stand or fall on the supposed motive of the testator.

In Mosser v. Mosser, 32 Ala. 551, this court held:

"A 'mistaken notion' on the part of the wife, that her husband intended to convert to his own use the property composing her separate estate, which induced her to make a will excluding him from all participation in her property, does not avoid such will." Headnote No. 6.

[2] A mere mistake touching the real relationship of the beneficiary, like a mistake as to any other extrinsic fact, inducing the execution of a will, will not avoid the will, in the absence of fraud. Re Carson, 184 Cal. 437, 194 Pac. 5, 17 A. L. R. 239; Wenning v. Teeple, 144 Ind. 189, 41 N. E. 600; In re Donnely, 68 Iowa, 126, 26 N. W. 23; 40 Cyc. 1143; Moore v. Heineke, 119 Ala. 627, 24 South. 374.

The vital point in the case at bar is presented on the grounds of contest setting up that Alice Bridgforth, the beneficiary, falsely and fraudulently represented to Tom Malone, the testator, that she was his half-sister, and the will was thereby induced.

The trial court gave the general affirmative charge for proponent.

[3] The inquiry is: Does the record disclose facts from which may be drawn a reasonable inference that the will was so induced? A will duly executed—signed and attested—in the form prescribed by law is presumed to be valid. The burden of proof is on contestants to show all the elements constituting the fraud alleged.

[4] The evidence tended to show that Alice Bridgforth was the illegitimate child of Martha Daly. She was born on a plantation where Tom Malone, Sr., the father of Tom Malone, Jr., was living. There is no evidence touching her alleged paternity until about 1900, when Alice went to the home of Tom Malone, Sr., in another county, and claimed to be his natural daughter. There confronted by his wife, and in Alice's presence, he denied the claim. Alice went away. It does not appear that the testator, Tom Malone, Jr., then about grown, saw Alice at that time, but it does appear that his mother and father talked in his presence, the father denying that Alice was his daughter.

Tom Malone, Jr., became a fireman on the Louisville & Nashville Railroad, running from Birmingham to Albany. Alice, now known by the married name of Bridgforth, was running a boarding house in Decatur. Here, some 12 or 15 years before his death, their association, so far as shown, began. Defendants' evidence tended to show that Tom was frequently at Alice's home when he came in on his runs; that she called him brother and he called her sister. This continued through the years. Tom Malone, Sr., died in May, 1918. Tom, Jr., and Alice went together to his funeral. The will was executed in August, 1918. Tom Malone, Jr., died March 1, 1923. During his last illness he wrote Alice a letter, addressing her as "Dear sister." She went to his home in Birmingham and remained with him until his death. Alice was named on his identification card as one to be notified in case of accident.

Without prolonging a review of the evidence, it will suffice to say: There is no evidence as to any representations by Alice to the testator touching her parentage, except the claim that she was his half-sister. This claim was asserted many years before the execution of the will. There is ground for inference that Alice knew of the existence of the will when she went to Birmingham on the occasion of Tom's death, and managed to get it into her possession. It was executed in Birmingham, and there appears no evidence of her activity or knowledge of its execution at the time.

In Blakey v. Blakey, 33 Ala. 611, this court approved a charge, saying:

"Fraud is a trick, artifice, or management, which induces a person to dispose of his property, or to do some act, contrary to his wishes, or in such a way as he would not but for such fraud. The burden of proving fraud, in this case, is on the contestants."

In Moore v. Heineke, 119 Ala. 627, 24 South. 374, the court, defining the distinction between fraud and undue influence, said:

"Deception and misrepresentation deliberately practiced on the testator for the purpose of procuring the execution of a will, if in fact he is deceived thereby, is such a fraud as will vitiate the will thus procured."

This case involved a will of the wife to the husband, who had a wife living. The court further said:

"Although the evidence tends to show that at the time Gleason married testatrix he had a wife living, there is a total lack of any evidence tending to show that at the time she executed the will she was deceived as to the past life of her husband, and hence that the execution of the will was induced by any deception or fraud. However strong the probability that a woman would not marry a man with knowledge of such facts as are here shown, or, having

married him in ignorance of such facts, would not, after becoming informed of them, give all her property to him by will, the law will not presume that she had no such knowledge from the mere fact that she did marry him, and did devise all her property to him."

The court there condemned charge 4, submitting the issue of deceit to the jury, on the ground that there was no evidence that the wife was deceived.

In note to Re Carson, 17 A. L. R. p. 248, one of the generalizations given is:

"Testator's ignorance of the facts cannot be inferred, but must be affirmatively shown"—citing Moore v. Heineke, supra, and Wenning v. Teeple, supra.

We find no evidence in this record that Tom Malone did not know the facts. So far as shown, he knew Alice claimed to be his father's illegitimate child, and that his father denied it to Tom's mother. In the nature of things, neither of them could know who was her father. This uncertainty is one of the bases of the legal fiction that a bastard has no father. If Alice made any other representations of fact to him, inducing such opinion, they are not proven. Neither is there anything in the case tending to show Alice's claim to be fraudulent or in bad faith. The assertion of the claim, in the first instance, had no connection with Tom Malone, Jr., the testator. When the mutual claim was set up by both, it does not appear to have had any connection with a will or other property right.

For all that appears, the claim of brother and sister originated in mere supposition, neither having a fixed opinion about it, and that the will was really induced by the interest or affection which had come of many years association.

In this condition of the record, we cannot say that there was evidence affording a reasonable inference which would overcome the presumption of law in favor of the will; and so make a case for the jury.

[5] We deem it unnecessary to review the other questions presented. All the evidence offered was freely admitted under the issues as framed; no adverse ruling on evidence went to the question of merit above decided. In such case any error in rulings on pleadings or evidence is not reversible. Donahoo Horse & Mule Co. v. Durick, 193 Ala. 456, 69 South. 545; Alexander City, etc., Co. v. Central of Ga. Ry. Co., 182 Ala. 516, 62 South. 745; Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929.

The judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.