MARY A. PARKER *vs.* MARY OLIVER, *alias*

JANUARY 25, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This cause was heard in the Superior Court on bill, answer and proof, and a decree was entered dismissing the bill of complaint. The cause is before us on complainant's appeal from said decree on the ground that it is against the law, the evidence and the weight thereof, and that the trial court erred in its finding of fact.

The bill is brought by Mary A. Parker, the sole child of Peter Hynes, deceased, against Mary Oliver, alias Mary Hynes, to have the complainant decreed to be the owner of certain real estate which the said Peter Hynes had devised to the respondent, Mary Oliver, whom he designated as his "present wife." Subsequent to the filing of the bill Mary Oliver deceased, testate, and, her death having been suggested on the record, Andrew Towey, her executor, was made a party respondent and filed his answer.

The bill alleges, in substance, that the respondent, Mary Oliver, by falsely representing herself to be a widow, induced the said Peter Hynes to go through a marriage ceremony with her in Central Falls, in this state, and less than two years later induced him to make a will devising to her his real estate in Central Falls. The bill further alleges that such devise was made to the respondent by said Hynes only because he believed her to be his lawful wife and that, had he known she was not a widow but had a husband from whom she was never divorced, living in England, said Hynes would have devised said real estate not to her but to complainant, his daughter, or would have deceased intestate, in which case the real estate would descend to complainant.

Respondent, Mary Oliver, died previous to the trial but her deposition, taken under examination and cross-examination, is in evidence. In this deposition respondent admitted that at the age of nineteen she had married, in England, one John William Oliver, who thereafter abandoned and ceased to support her or their children; that, after living separate and apart from him for some years in England, she secured there a decree of separation and that when she

left England to come to America the whereabouts of said Oliver was unknown to her. She further deposed that when said Peter Hynes asked her to marry him she told him she would have to get a divorce from Oliver; that Hynes sent her to his attorney to whom she told the facts and who presently advised her that he was investigating her husband's whereabouts; that said attorney, after having the matter under consideration for about six months, told her he had been informed Oliver had died in Wales and that it was unnecessary for her to get a divorce. In conclusion she deposed that she told this in detail to Hynes and married him believing that she was a widow, having no intention of deceiving him in order to marry him or to obtain his real estate.

It also appeared in testimony that at the time of Hynes' marriage to respondent he owned the real estate described in the bill of complaint and ran a grocery store on the premises; that thereafter respondent kept house for him and worked in said store until Hynes' death; that respondent's daughter, as soon as she was old enough, worked and that her pay was spent for the support of the family and for the upkeep of the property.

This testimony confirms the facts set forth in the answer, which does not question the allegation in the bill that respondent's husband, John William Oliver, was living at the time of her marriage to Hynes.

The substantial issue in the case is whether Hynes entered or was induced to enter into the marriage relation with respondent, Mary Oliver, through fraud on her part.

Having alleged fraud, the complainant has the burden of proving same and, as this is a question of fact, the finding of the trial justice in this regard, unless clearly erroneous, will be sustained. *Westchester Mortgage Co.* v. *Newport Trust Co.,* 50 R. I. 263; *Lowe* v. *Angell,* 44 R. I. 383.

The trial court in its rescript, commenting on the question of fraud on the part of respondent, says: "The court is of the opinion from the evidence that at the time she

entered into the marriage relation with Peter Hynes she had an honest belief that said John W. Oliver was dead. The evidence clearly shows her to have been a hard working woman and a woman of good moral character. There is not a scintilla of evidence against her reputation. The court is of the opinion that said Peter Hynes was not deceived by any misrepresentations made to him by Mary Oliver when he entered into the marriage relation with her, or that these misrepresentations induced him to enter into such relations, and that complainant has failed to sustain the burden of proof."

The uncontradicted evidence presented clearly supports this finding, which is not against the weight of the evidence. The fact that Hynes referred to respondent as his wife does not invalidate such bequest unless there was doubt as to whom testator desired to be the beneficiary, or unless the relation described was brought about by the fraud of such beneficiary.

There is no doubt that the words in Hynes' will "my present wife" were intended to describe respondent, and as such relation was not brought about by the fraud of said respondent the description is sufficient. Jarman on Wills, 7th ed., Vol. 2, p. 1218; Page on Wills, 2nd ed., § 177; *Est. of Carson*, 184 Cal. 437; *Will of Donnely*, 68 Iowa, 126; 17 A. L. R. 247; *In re Petts*, 27 Beavan, 576.

As no demurrer to the bill was interposed, and in view of the issues decided by the trial court, it is unnecessary to consider whether the action of the probate court, in admitting to probate the will of Peter Hynes, disposed of the question of fraud set up in the present case.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Thomas L. Carty,* for complainant.

*McGovern & Slattery, Michael F. Costello,* for respondent.