229 A.2d 296.

THE HOME INSURANCE COMPANY *et al.*, *Subrogees* vs.
SORMANTI REALTY CORP.

MAY 11, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a bill in equity brought to expurgate from the record of an action at law in the superior court the entry of a nonsuit and judgment entered thereon,

and to reinstate the case for trial. Although the pleadings in the instant cause were closed before the effective date of the new rules of civil procedure, the hearing was held thereafter. In these circumstances we will use the terminology of the new rules in reviewing the plaintiffs' appeal from a judgment entered for the defendant.

In 1955, plaintiffs were the insurers of Angolano, Inc., a Rhode Island corporation engaged in the manufacture of jewelry. Each of the plaintiffs had issued to the insured a sprinkler leakage policy which contained a limit of liability in the amount of $15,000. Their insured occupied the third floor premises of a building owned by defendant and located in Providence. The defendant supplied heat to the insured's premises. On February 13, 1955, certain steam pipes and traps which formed a part of the heating plant froze and burst. This permitted live steam to escape into the third floor area. The steam activated the sprinkler system whereby water poured into the demised premises. As a result of this mishap, the insured suffered substantial damage to its "finished jewelry, goods in process, raw materials, jewelry findings, machinery, equipment and fixtures * * *." This loss fell within the coverage of the insurance policies which had been issued by plaintiffs.

After filing the proper proofs of loss, the insured received $25,437.20. Each plaintiff paid an equal share of this amount and thereby became subrogated, according to the terms of their policies, to any rights the insured had against defendant.

On January 5, 1956, a writ issued out of the superior court against defendant wherein the ad damnum was $75,000. This suit was an action at law of trespass on the case for negligence. The writ accompanied by a declaration was entered on the return day, to wit, February 10, 1956, and the case was docketed as Civil Action No. 136962 and entitled "Angolano, Inc. v. Sormanti Realty Corp." At that

time Walter J. Hennessey, an attorney, now deceased, entered his appearance for the insured. An entry of appearance was made for defendant by its attorney who also filed a general denial as to any negligence on defendant's part.

About a month later on March 16, 1956, a petition was filed in the superior court which alleged that the insured was insolvent and asked that a receiver be appointed. Thereafter, on April 2, 1956, a permanent receiver was appointed. By a decree of the superior court entered that day, the receiver was given the authority to intervene and prosecute any pending suits of the insolvent insured. There is in the record of this law action an entry of appearance by an attorney representing the receiver.

The financial difficulties of the insured apparently lessened any enthusiasm for a speedy disposition of this suit because the record shows that it lay dormant without any action being taken by the parties to press for a trial until almost three years later. During 1959, however, upon motion duly made, this suit was scheduled for trial on three different dates, to wit, February 25, April 27, and September 28. Each of these assignment dates came about by virtue of three different motions to assign one each being filed by the receiver's attorney, Mr. Hennessey and defendant's attorney respectively. Mr. Hennessey, a distinguished member of the bar, died in November 1959.

Later upon a motion of the receiver, the law action was rescheduled for trial on January 26, 1960. Once again, however, the efforts of counsel to dispose of this suit proved fruitless. On March 8, 1960, it again came before the superior court. Present at this time were the receiver's attorney and counsel representing defendant. The record shows that the court was told that the receiver had received a communication from the presiding justice which informed him that an examination of the court's records showed that

the receivership had been pending for what appeared to be an undue length of time and urged him to wind up the proceedings. This notification from the presiding justice was part of the court's effort to implement Rule No. 96 of the former rules of practice and orders (1957) of the superior court which governed the conduct of any pending receivership. The receiver's attorney explained to the court that he had exerted every effort to have Mr. Hennessey prosecute this suit but without success. The receivership, he said, could not be terminated because of the pendency of this suit which, though in the name of the insured, was for the primary benefit of its insurers. The court was further informed that since the death of Mr. Hennessey, attorney Edward McElroy was attending to the disposal of the then pending cases of Mr. Hennessey. It was represented to the court that Mr. McElroy had appeared on previous occasions when the suit had been scheduled for trial and asked that he be given an opportunity to communicate with the insurance "company" because he was making an attempt to have the insurer, who was a party to the subrogation agreement, hire him. The defendant's attorney reported that the matter had been continued "to today" at the request of Mr. McElroy so that he could contact the other insurance company who might have been interested in the suit. At this point a recess was taken and at its conclusion the attorney for the receiver said that he had just contacted Mr. McElroy and that he had been informed that Mr. McElroy did not represent the insurer. The attorney for the defendant stated that all the parties were before the court and he thereupon moved for a nonsuit. The court, after considering the statements of counsel, concluded that the insurers had no real interest in prosecuting the case and granted defendant's motion.

More than two years elapsed when the instant litigation commenced. In its complaint, the insurers alleged that the statement made to the superior court on March 8,

1960, that "* * * all parties were before the court * * *" was "false and fraudulent" because no notification of the pendency of the March 8 action was given to an attorney who was formerly associated with Mr. Hennessey—who, it is alleged, was the attorney of record for Angolano, Inc. in its suit against defendant. We shall hereinafter refer to this attorney as the junior attorney.

It is obvious that the insurers here cannot invoke G. L. 1956, §9-21-4, as amended,[1] because the one-year period for the reinstatement of such a case has expired. In bringing the instant complaint, plaintiffs are attempting to invoke the broad powers of equity to afford to themselves a remedy not otherwise available.

Having alleged fraud, plaintiffs have the burden of proving it, and it is well settled that findings of fact made by a justice of the superior court in this regard will be sustained unless clearly erroneous. *Korjian* v. *Boghigian*, 60 R. I. 73, 78; *Parker* v. *Oliver*, 52 R. I. 117.

Here the finding by the superior court that plaintiffs had failed to prove that defendant had committed any inequitable conduct or fraud against them was justified. An examination of the testimony of the junior attorney offered in support of the instant complaint fell far short of establishing that he was the attorney of record in the law action.

. He stated that his clerkship was served with Mr. Hennessey, and that he remained in Mr. Hennessey's office after being admitted to the bar in 1953. While the writ which

---

[1] 9-21-4. "A party or garnishee in any action or proceeding in the superior court wherein no trial has been had, against whom a judgment has been rendered on involuntary dismissal, default, or report of referees, by reason of accident, mistake, unforeseen cause, or excusable neglect, may, within one (1) year after such judgment, petition the supreme court for a trial; and the supreme court may order a trial in the action or proceeding in the court in which such judgment was entered, upon such terms as the supreme court shall prescribe."

was issued bears his name, the junior attorney told the superior court that he was not sure if the signature thereon was his or his secretary's and although his name appears on the five-count, twenty-page declaration along with that of Mr. Hennessey, he admitted that it was the deceased attorney who had signed both names to the pleadings. He left Mr. Hennessey's office in late 1958 or early 1959 when he and some other attorneys established a new law firm. The record is clear that the only entry of appearance made in behalf of the insured was by Mr. Hennessey. It would add little to set forth in detail the further testimony elicited before the superior court in the instant cause.

It is our considered judgment that an attorney of record can best be described as the person (or persons) in charge of a client's business in any action, suit or proceeding. See 5 Am. Jur., Attorneys at Law, §5, p. 264. The sine qua non which makes one an attorney of record is his execution of an entry of appearance. It is this document that places all on notice that the person whose signature appears thereon is the one the court and opposing counsel can look to for the management, direction and control of a pending case. We believe that this procedure insures that one's cause will be handled in an orderly and efficient manner. The necessity and propriety of such a practice is amply demonstrated here. We are of the opinion that at most the junior attorney was in an "of counsel" status and he was not the attorney of record. Accordingly he was not entitled to any notice[2] of the March 8, 1960 proceedings.

We think it appropriate to point out that the final conclusion of litigation in a prompt and expeditious manner should be the common goal of all concerned—be it bench,

---

[2]Rule 29 of the former rules of practice and orders of the superior court (1957) states that whenever it is provided that notice in writing shall be given, such notice shall be given to the party or his attorney of record. A similar provision is found in G. L. 1956, §9-13.1. Notice of a motion to assign a case to a day certain for trial is within the purview of this rule.

bar, litigant or, as in this case, the subrogees. It appears to us that the three-year period of complete inactivity which is shown by the record of the law suit in the superior court indicates in a mute but compelling manner plaintiffs' lack of interest in having the negligence action brought to a climax. It is interesting to note that an examination of the instant complaint shows that nowhere therein is it alleged that plaintiffs had no knowledge of the pendency either of the March 8 or previous assignment dates. We believe that had the plaintiffs exerted some degree of concern for their rights as subrogees, the need for this complaint would never have arisen.

The plaintiffs' appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Gunning & LaFazia, John McDonough, John Baglini, Edward L. Gnys, Jr.,* for plaintiffs.

*Pucci, Zito & Goldin, J. Ronald Fishbein, John Carroll,* for defendant.