MAIN, Justice.
Brian D. Ray appeals from a judgment of the Tallapoosa Circuit Court in a will contest transferred to the circuit court from the Tallapoosa Probate Court. For the reasons stated below, we reverse and remand.
I. Facts and Procedural History
In September 2011, Charles A. Huett was admitted into a nursing home after suffering a fall at his house. Shortly after being admitted into the nursing home, Huett’s only son, who had been serving as Huett’s regular caregiver, passed away. After the death of Huett’s son, Ray offered to be Huett’s caregiver. In October 2011, Huett left the nursing home and moved into to Ray’s home, where he lived with Ray and his four young children. Ray’s youngest child, Tessa, was three years old at the time Huett moved in with Ray.
Huett died on January 9, 2012. Following Huett’s death, Ray produced a handwritten will signed by Huett and two witnesses. The will stated:
“On this the 14th Day of December 2011, I, Charles A. Huett, leave my property, vehicles and house to Brian Ray in Trust of the kids to always have a place to play. I do not want my property or house sold, leased or mortgaged for any reason. I have all control of my house and property and vehicles until my death. When I die I want all of my property and vehicles and home to go to Brian Ray for the four children. I do not want anything sold until Tessa turns eighteen. I leave my tractor to Brian Ray. Brian has my permission to give my family members certain items as he sees fit for them to have. This is my wishes and I want them carried out the way I have them here in my will.”
On January 18, 2012, Ray filed a petition to probate Huett’s will, and also filed a petition for letters testamentary. On February 13, 2012, before the will was admitted to probate, Jimmy Huett, Sonzia Huett Holloway, Donda Huett Burns, Amy Huett Clark, Brenda Huett Peterson, Agnes Foshee Allen, Kenneth Faulkner, John Bramblett, Jr., and Tommy Bram-blett (“the contestants”) filed in the probate court a contest to the will. The contestants each claim to be an heir of Huett’s under the laws of intestacy. The complaint contesting the will made the following allegations:
“3. The Contestants aver that the said will was not executed in the mode and manner prescribed by law.
*32 “4. The Contestants aver that the said instrument offered for probate and contested herein is not the toe Last Will and Testament of the, .decedent.
“5. The Contestants herein aver that the decedent was of unsound 'mind and mentally incompetent and did not possess testamentary capacity to make and execute a will ..
“6. The Contestants herein aver that the will ... was procured through undue influence exercised upon the decedent by one or more of the distributes of the estate of said decedent as set forth in said contested will. • •
“7. That a distributee of the estate was in a confidential relationship with the decedent. That sáid distributee was dominant and 'controlling in this relationship and exercised undue activity in procuring the execution of the will being contested. Furthermore, that the decedent was infirm and incompetent. That as a result of this undue influence and while in this condition and relationship the decedent executed the will being contested. That the decedent was persuaded to sign the ■ purported will by a beneficiary of the contested will, and such will because of this undue influence.is not the true last will and testament ■ of the deceased.”
Contemporaneously with the will contest, the contestants filed a request to transfer the will contest to the circuit court pursuant to § 43-8-198, Ala. Code 1975. On February 14, 2012, the probate court transferred the matter to the circuit court.
A bench trial on the will contest was conducted in the circuit court on May 20, 2015.[1] On January 19, 2016, the circuit court issued its final judgment. The court summarized the., proceedings and then made the following conclusions:
“This case came on for trial on May 20, 2015. The parties were represented by counsel. Sworn testimony and other evidence was received by the Court. The [contestants] are blood relatives of Charles A. Huett, ‘ deceased. They brought suit against Brian D. Ray, with the, subject matter being a purported Last Will and Testament of 'the decedent. ,.,
“As an overview, the. [contestants] contest the validity of the purported Will and the circumstances surrounding the same. Their allegations include undue influence by [Ray], lack of testamentary capacity on the part- of the decedent, improper execution of the instrument, and general invalidity of the purported Will.
“[Ray] basically contends that he took care of the elderly Mr. Huett, that Mr. Huett had been abandoned by his family, and the Will was Mr. Huett’s toe Last Will and Testament. The contentions were strenuously contested by the [contestants],
[[Image here]]
“On August 28, 2015, the Court, by email, directed counsel to attempt a post-trial negotiated settlement of the case, as' the same presents numerous factual and legal difficulties. Concisely stated, while the purported Will may reflect' certain of the decedent’s intentions, the instrument was drafted with no consultation of legal counsel whatsoever. The email stated in part T have a-copy of [contestantes ExhibiL One, i.e., .document signed by Charles Huett and witnesses on my desk. I have read it, *33 tried to analyze it, and tried to make it conform to the applicable law. It stands as a testament to what happens when people try to allegedly do their own legal work.' Since that email the Court has on many other occasions wrestled with the same problems, and has come to the conclusions following below:
“1. While counsel have basically approached this instrument as a will, it is, at best, an attempt to create a testamentary trust. As such, it fails. Its central goal appears to be to provide that .. the kids ,.. always have a place to play.’ ‘The kids’ are never identified, although they apparently refer to the children of Brian Ray. The purported purpose, i.e., ‘... to always have a place to play,’ is so vague as to be impossible to effectuate. If a trust was to be created for the support, maintenance, or education of ‘the kids,’ it was not done. While the Court might be able to find an ‘intention’ on the part of Mr. Huett to create some sort of a trust for the benefit of the ‘the kids,’ it is impossible to determine the nature of the trust he intended. There are simply too many basic, and required, elements that would have to be established by the Court without guidance from the purported will.
“2. The instrument makes clear an intention of the deceased to bequeath his ‘tractor to Brian Ray.’
“In short, the purported will fails to legally and factually establish a trust under the law. It does establish that if ‘my tractor’ can be identified properly that it should become the property of Brian Ray.
“It is therefore ordered adjudged and decreed that the purported Will fails to establish a trust, and that as a Will it bequeaths the decedent’s ‘tractor’ to Brian Ray.”
Ray filed a motion for a new trial, contending, in part, that the testamentary-trust issue' was not an issue before the circuit court. The circuit court-.denied the motion, and Ray appealed..
II. Analysis
On appeal, Ray challenges the circuit court’s subject-matter jurisdiction to address and construe the purported testamentary-trust provision of Huett’s will. Ray contends that the circuit court’s jurisdiction was limited to the issues expressly raised by the contestants’ pleadings, namely, whether Huett had the capacity to make the will; whether the will was properly executed; and whether the will was the product of undue influence. For the following reasons, we agree.
The will contest was filed pursuant to § 43-8-190, Ala. Code 1975. That Code section provides:
“A will, before the probate thereof, may be contested by any person interested therein, or by any person, who, if the testator had died intestate, would have been an heir or distributee of his estate, by filing in the court where it is offered for probate allegations in writing that the will was not duly executed, or of the unsouhdness of mind of the testator, or of any other valid objections thereto; and thereupon an issue must be made up, under the direction of the court, between the person making the. application, as plaintiff, and the person contesting the validity of the will, as defendant '
[[Image here]]
Historically, contests under this section and its predecessors have been considered limited to the issue whether the writing in question is the valid will of the decedent, i.e., the issue devisavit vel non (meaning literally, will or no will).[2] See, e.g., Gil- *34 breath v. Wallace, 292 Ala. 267, 269-70, 292 So.2d 651, 653-54 (1974); Nesmith v. Vines, 248 Ala. 72, 73, 26 So.2d 265, 266 (1946) (“The contest of a will ... is limited to determining the validity of the will. The issues are confined to the question of “will or no will.’ ” (construing the predecessor to § 43-8-199)). Therefore, generally, questions concerning the construction of ambiguous terms of the will and who takes thereunder are not issues in a will contest. See Kay v. Elston, 205 Ala. 307, 309, 87 So. 525, 526 (1920) (“Devisavit vel non was the only issue in this cause, and the decree determined ... whether there was a will or not, and not the rights of the parties under the will.”); Ex parte Walter, 202 Ala. 281, 284, 80 So. 119, 122 (1918) (“[I]n a bill to contest a will, ... the issues are confined to the question of ‘will or no will/ and therefore to the determination of the status of the res and matters pertaining thereto, and is not to be extended to questions concerning the rights of the parties.”).
The will contest in this case was transferred to the circuit court pursuant to § 43-8-198, Ala. Code 1975. That section provides:
“Upon the demand of any party to the contest, made in writing at the time of filing the initial pleading, the probate court, or the judge thereof, must enter an order transferring the contest to the circuit court of the county in which the contest is made, and must certify all papers and documents pertaining to the contest to the clerk of the circuit court, and the case shall be docketed by the clerk of the circuit court and a special session of said court may be called for the trial of said contest or, said contest may be tried by said circuit court at any special or regular session of said court. The issues must be made up in the circuit court as if the trial were to be had in the probate court, and the trial had in all other respects as trials in other civil cases in the circuit court. An appeal to the supreme court may be taken from the judgment of the circuit court on such contest within 42 days after the entry of such judgment. After a final determination of the contest, the clerk of the circuit court shall certify the transcript of all judgments of the circuit court in such proceedings, together with all of the papers and documents theretofore certified to the circuit court by the probate court, back to the probate court from which they were first certified to the circuit court, and thereafter shall be recorded in the probate court as all other contested wills are recorded in the probate court.”
(Emphasis added.) We have held that the jurisdiction conferred on the circuit court by this section is statutory and limited:
“ ‘It is ... settled that in the trial of the issues of the contest certified out of the probate court to the circuit court under [§ 43-8-198] that the jurisdiction conferred on the circuit court is statutory and limited, and to warrant the exercise of that jurisdiction there must be pending in the probate court a valid contest when the probate court or the judge thereof enters the order transferring the contest to the circuit court. ...
*35 [[Image here]]
“ ‘The jurisdiction and authority of the circuit court is limited to the trial of the issues presented by the contest after which the case must be certified back to the probate court.’ ”
Bardin v. Jones, 371 So.2d 23, 26 (Ala. 1979) (quoting Thigpen v. Walker, 251 Ala. 426, 429, 37 So.2d 923, 925-26 (1948)); Jean v. Jean, 32 So.3d 1274, 1276 (Ala. 2009) (“ ‘The jurisdiction of both the probate court and the circuit court over will contests is statutory and limited.... The only jurisdiction a court can take over such cases is that granted by statute.’” (quoting Kaller v. Rigdon, 480 So.2d 536, 539 (Ala. 1985))). A circuit court, however, is not limited to the issues presented to the probate court prior to the transfer, and a circuit court can, in accordance with the Alabama Rules of Civil Procedure, allow additional issues in the will contest, “provided those issues can properly be raised in a will contest.” Bardin, 371 So.2d at 26; see also Crim v. Pike, 663 So.2d 903, 904-05 (Ala. 1995).
In this case, from the record before us it appears that the only issues raised by the contestants were those issues set forth in their complaint contesting Huett’s will: i.e., whether Huett had the testamentary capacity to execute a will; whether the will was properly executed; and whether Ray exercised undue influence over Huett. It appears that these three issues were the only issues tried before the circuit court. No motions were made to amend the pleadings to add additional claims or to conform the pleadings to the evidence presented at trial. Indeed, these three issues remain the only issues argued by the contestants on appeal. Accordingly, these issues were the only issues properly before the trial court. Thus, we agree with Ray that the circuit court exceeded its authority in attempting to construe the various devises in the will.
Ray further argues, however, that the circuit court implicitly held that the will was valid because it could not have reached the point of construing the various devises without necessarily first finding that Huett had testamentary capacity, that he had properly executed the will, and that he was not subjected to undue influence. Thus, Ray argues that this implicit holding of validity is due to be affirmed, and, having decided all the issues before it in his favor, the circuit court should be directed to dismiss the will contest and to certify the case back to the probate court. Based on the language of the circuit court’s order, however, we cannot say that the court reached the issue of the validity of the will. For example, the order concludes:
“In short, the purported will fails to legally and factually establish a trust under the law. It does establish that if ‘my tractor’ can be identified properly that it should become the property of Brian Ray.
“It is therefore ordered adjudged and decreed that the purported will fails to establish a trust, and that as a will it bequeaths the decedent’s ‘tractor’ to Brian Ray.”
(Emphasis added.) The circuit court’s continued use of the phrase “purported will” indicates that it made no ultimate determination as to the validity of the will. Instead, it appears that the circuit court attempted to make piecemeal determinations as to the validity of the will based on its determination as to the effectiveness of each devise within the will. As explained above, however, the effectiveness of particular devises was not an issue before the circuit court. Instead, the circuit court should have decided the case on the issues actually raised in the contest—i.e., testamentary capacity, valid execution, and undue influence. Accordingly, we reverse the judgment of the circuit court and remand *36 the case for the circuit court to decide the specific will contest issues before the court, and to enter a judgment either upholding or denying the contest.[3]
REVERSED AND REMANDED.
Stuart, Bolin, Parker, Shaw, Wise, and Bryan,. JJ., concur.
Murdock, J., dissents.

. A jury trial was not demanded.

. Section 43-8-190 provides that the grounds for a will contest are “that the will was not *34 duly executed, or of the unsoundness of mind of the testator, or of any other valid objections thereto.” Other recognized valid grounds for a contest include: that the will was procured by undue influence, see Ex parte Helms, 873 So.2d 1139, 1148 (Ala. 2003); that the will was executed through mistake, see Martindale v. Bridgforth, 210 Ala. 565, 98 So. 800 (1924); that the will was procured by fraud, see Bolan v. Bolan, 611 So.2d 1051, 1058 (Ala. 1993); and that the will had been revoked by the testator, see Maxwell v. Dawkins, 974 So.2d 282 (Ala. 2006).

. In that we have determined that the circuit court's order did not resolve the actual issues before it, the judgment was not final. Section 12-22-21(1), Ala. Code 1975, however, provides for an appeal from a nonfinal order of the probate court entered “on a contest as to the validity of a will.” Brown v. Brown, 21 So.3d 1, 2-3 (Ala. Civ. App. 2009). With regard to appeals tinder this statute, this Court "has traditionally treated such orders of the circuit court as though they were orders of the probate court.” Tate v. Kennedy, 578 So.2d 1079, 1080 n.2 (Ala. 1991).